**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

October 10, 2018

MEMORANDUM TO COUNSEL

Re: *Shirley Johnson, Personal Representative of the Estate of Elbert Davis, Sr., et al. v. Baltimore City Police Department, et al.*
Civil Action No. ELH-18-cv-2375

Dear Counsel:

As you know, this civil rights case was filed on August 2, 2018, by a host of plaintiffs: Shirley Johnson, as personal representative of the Estate of Elbert Davis, Sr. (the "Decedent" or "Mr. Davis"), and as a daughter of the Decedent; Delores A. Davis, Mary A. Cox, Gloria A. Davis, Albert Cain, and Elbert Davis, Jr., children of the Decedent; "Use Plaintiffs" Gail Davis, Leroy Davis, and Elbert Lee Davis, who are also children of the Decedent; and Anita Cain, administrator of the Estate of Arthur Cain, the deceased son of Mr. Davis. They sued multiple defendants, seeking damages stemming from the death of Mr. Davis on April 28, 2010, following a vehicular collision. ECF 1 (the "Complaint"). In particular, the suit was filed against the Baltimore City Police Department ("BPD"); the Mayor and City Council of Baltimore (the "City"); the State of Maryland; and several former members of BPD's Gun Trace Task Force: Sergeant Wayne Earl Jenkins, in his individual and official capacities; Sergeant Ryan Guinn, in his individual and official capacities; and the Estate of Detective Sean Matthew Suiter (collectively, "BPD Officer Defendants"). *Id.*

Plaintiffs allege, *inter alia*, that Mr. Davis was killed "as a direct result" of BPD Officer Defendants' "illegal stop, pursuit, framing and arrest" of Umar Burley and Brent Matthews. *Id.* ¶ 1. The Complaint further asserts that Burley and Brent fled the scene of an illegal traffic stop and Burley, who was driving, then collided with the vehicle driven by Mr. Davis. *Id.* ¶ 36. According to plaintiffs, the BPD Officer Defendants "did not render aid to Decedent or call for aid," *id.* ¶ 38, but "instead they worked to cover their tracks" by planting approximately thirty-two grams of heroin in Burley's vehicle. *Id.* ¶¶ 38, 41.

The Complaint was filed pursuant to 42 U.S.C. § 1983, asserting a violation of Mr. Davis's due process rights under the Fourteenth Amendment. *Id.* ¶¶ 103-18. In addition, plaintiffs allege violations of Article 24 of the Maryland Declaration of Rights, *id.* ¶¶ 150-53, and also assert various torts claims under Maryland law, including wrongful death; a survival action; negligence; respondeat superior liability; and negligent hiring, retention and/or supervision. *See id.* ¶¶ 119-49.

On August 16, 2018, the three children of Mr. Davis who were initially named as "Use Plaintiffs"—Elbert Lee Davis, Gail S. Davis, and Leroy Davis—filed a "Motion to Intervene as Plaintiffs." ECF 3. By Order of September 5, 2018, I granted the motion. ECF 4.

A week later, on September 12, 2018, the State moved to dismiss the Complaint (ECF 5), pursuant to Fed. R. Civ. P 12(b)(6), supported by a memorandum of law. ECF 5-1 (collectively, the "State Motion"). On September 14, 2018, the City moved to dismiss the Complaint (ECF 6), pursuant to Fed. R. Civ. P 12(b)(6), supported by a memorandum of law. ECF 6-1 (collectively, the "City Motion"). Thereafter, on October 3, 2018, plaintiffs amended their complaint.[1] ECF 9 (the "Amended Complaint").[2]

The Amended Complaint added Shirley Johnson as a plaintiff, in her capacity as Personal Representative of the Estate of Phosa Cain, a passenger in Mr. Davis's vehicle who was injured in the collision. In addition, the Amended Complaint named Deputy Police Commissioner Dean Palmere as a defendant; removed Baltimore City as a defendant; and removed the State as a defendant. *Id*. at 4. The Amended Complaint also asserted new allegations not contained in the initial Complaint. *Id*. For example, the Amended Complaint added a request for damages as a result of injuries sustained by Phosa Cain. *Id*. ¶¶ 1, 158. And, a § 1983 claim of supervisory liability was added against Palmere. *Id*. ¶¶ 167-73.

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits a party to amend a pleading once "as a matter of course," without leave of court or the consent of opposing parties, if done within 21 days of receipt of a motion filed under Fed. R. Civ. P. 12(b). Because plaintiffs filed the Amended Complaint within 21 days of the filing of the motions, they have satisfied Rule 15(a)(1)(B).

As a result, the motions are moot because they are directed to the original Complaint, which has been superseded by the Amended Complaint. Furthermore, the State and the City are no longer named as defendants in this action. ECF 9. Accordingly, I shall DENY the State Motion (ECF 5) and the City Motion (ECF 6), as moot.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge

---

[1] Appended to the Amended Complaint is ECF 9-2, the "DOJ Report." U.S. DEP'T OF JUSTICE, CIVIL RIGHTS DIV., INVESTIGATION OF THE BALT. CITY POLICE DEP'T (Aug. 10, 2016).

[2] On October 4, 2018, the Clerk notified plaintiffs that the Amended Complaint was filed incorrectly, but stated that no further action was needed to correct the mistake. ECF 10.