IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **SHIRLEY JOHNSON,** *et al.* | * | |
| *Plaintiffs* | * | |
| | * | |
| **v.** | * | **Civil Action No. 1:18-cv-02375-ELH** |
| | * | |
| **BALTIMORE POLICE** | * | |
| **DEPARTMENT,** *et al.* | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT**

Defendants, Baltimore Police Department (hereinafter, "BPD") and Dean Palmere (hereinafter, "Deputy Commissioner Palmere") have filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants make three (3) arguments in support of their Motion. First, Defendants argue that all of Plaintiffs' claims are barred by the applicable statute of limitations. Second, Defendants argue that Plaintiffs failed to file a timely notice of claim pursuant to Maryland's Local Government Tort Claims Act (LGTCA). And third, the BPD argues that it has sovereign immunity from Plaintiffs' common law tort claims and constitutional claims arising under state law.

Plaintiffs concede that the BPD is protected under the doctrine of sovereign immunity from the Plaintiffs' state law claims asserted in Counts IV, V, VII, VIII and IX. However, Plaintiffs' claims against the BPD asserted in Counts III (Monell) and X (Indemnification) cannot be dismissed, and the claims against Deputy Commissioner Palmere cannot be dismissed for the

1

reasons set forth herein.

## I.    NATURE OF THE CASE AND THE AMENDED COMPLAINT

The Plaintiffs are the adult children of Elbert Davis, Sr. (the "Decedent") and Phosa Cain ("Ms. Cain").  The Decedent tragically died, and Ms. Cain was seriously injured, in a car crash that occurred on April 28, 2010.  The crash involved Umar Hassan Burley ("Mr. Burley") and Brent Andre Matthews ("Mr. Matthews") who were fleeing an attempted illegal stop, pursuit and arrest by former Baltimore Police Officer Wayne Jenkins, Baltimore Police Officer Ryan Guinn and another member of the BPD.

On October 3, 2018, the Plaintiffs filed a ten (10) count Amended Complaint against the BPD, Wayne Jenkins ("Mr. Jenkins"), Ryan Guinn ("Mr. Guinn") and Deputy Commissioner Palmere.  The ten (10) counts are as follows:

Count I - 42 U.S.C. § 1983 - Violation of Due Process (against the Officer Defendants)

Count II - 42 U.S.C. § 1983 – Supervisory Liability (against Palmere)

Count III – Monell Liability (against the BPD);

Count IV – Wrongful Death (against all Defendants);

Count V – Survival Action (against all Defendants);

Count VI – Negligence (against the Officer Defendants);

Count VII – Respondeat Superior (against the BPD);

Count VIII - Negligent Hiring, Retention and Supervision (against the BPD);

Count IX – Article 24 of the Maryland Constitution (against all Defendants); and

Count X – Indemnification (against all Defendants).

## II.        ARGUMENT AND AUTHORITY

### A.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept the allegations contained in the complaint as true and construe the factual allegations in the light most favorable to the plaintiffs. *See DeBouche v. Trani,* 191 F.3d 499, 505 (4th Cir. 1999) (*citing Conley,* 355 U.S. at 47-48); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (2005) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A statute of limitations defense is an affirmative defense that may be brought as part of a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  A court may dismiss a complaint *only if* all facts necessary to the affirmative defense clearly appear on the face of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

The standard applied to determine when a cause of action accrues is properly a judicial determination. *Goldstein v. Potomac Elec. Power Co.*, 285 Md. 673 (1979); *Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656 (1983); *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615 (1985).  However, whether a plaintiff's failure to discover a cause of action was attributable to fraudulent concealment by the defendant is ordinarily a question of fact to be determined by the fact finder, typically a jury. *Frederick Road Ltd. Partnership v. Brown & Sturm*, 360 Md. 76, 96-100 (2000); *O'Hara v. Kovens*, 305 Md. 280, 294-95 (1986).

**B. Plaintiffs' Claims are Not Barred by the Statute of Limitations Due to Defendants' Fraudulent Concealment of Material Facts.**

The BPD and Deputy Commissioner Palmere have moved to dismiss "all of Plaintiffs' claims" arguing that the allegations in Plaintiffs' Amended Complaint are time barred pursuant to the statute of limitations set forth in Md. Code Ann., Cts. & Jud. Proc. § 5-101. This section provides that a "civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."

Although there is no federal statute of limitations for § 1983 claims, 42 U.S.C. § 1988(a) requires the federal court to borrow state law on the issue, provided it is consistent with the policies underlying § 1983. Thus, a § 1983 action in Maryland generally must be brought within three (3) years of the date it accrues.

The question of accrual is left to judicial determination, which "may be based solely on law, solely on fact, or on a combination of law and fact, and is reached after careful consideration of the purpose of the statute [of limitations] and the facts to which it is applied." *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 95 (2000).

The harshness of the general statute of limitations rule has led to the creation of both legislative and judicial exceptions, including the "discovery rule." *Poffenberger v. Risser*, 290 Md. 631 (1981). "Recognizing the unfairness inherent in charging a plaintiff with slumbering on his rights where it was not reasonably possible to have obtained notice of the nature and cause of an injury," the Maryland Court of Appeals has adopted the discovery rule to determine the date of accrual. *Frederick Rd. Ltd. P'ship,* 360 Md. at 95.

Under the discovery rule, the statute of limitations does not begin to run "until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the

injury." *Id.* at 95-96.   Thus, a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimant has notice of the nature and cause of his or her injury.  *Heron v. Strader,* 361 Md. 258, 264 (2000); *Frederick Rd. Ltd. P'ship,* 360 Md. at 96; *Edwards v. Demedis,* 118 Md. App. 541, 566 (1997); *see also O'Hara,* 305 Md. at 302 (defining notice as "knowledge of circumstances which would cause a reasonable person in the position of the plaintiff to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged [wrong]").

The Maryland Court of Appeals has held that the discovery rule is applicable generally in all actions. *Poffenberger*, 290 Md. 631.  Importantly, when defendant's stealth or subterfuge leaves plaintiff blamelessly ignorant of the facts and circumstances legally entitling him or her to relief, the discovery rule prevents the limitations clock from running until plaintiff has learned or should have learned of the fraud.  *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977 (D. Md. 2002) (quoting *Murphy v. Merzbacher*, 346 Md. 525, 532 (1997)).  The discovery rule is not so much an exception to the statute of limitations, as it is a recognition that the Legislature, in employing the word "accrues" in §  5-101, never intended to close our courts to plaintiffs inculpably unaware of their injuries.  *Murphy*, 346 Md. 525.

Additionally, Maryland's legislature chose to modify the general statute of limitations when it enacted Md. Code Ann., Cts. & Jud. Proc. § 5-203.  This section provides: "[i]f the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of the action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud."  § 5-203 may toll limitations as to both common law and statutory claims, including wrongful death. *See Geisz, et al. v. Greater Baltimore Medical Center, et al.*, 313 Md. 301, 321-22 (1988).

Plaintiffs contend that the common law discovery rule exception and the statutory exception, set forth in § 5-203, apply and toll the statute of limitations in this case due to the fraudulent concealment of material facts committed by Mr. Jenkins and Mr. Guinn, and adopted by the BPD.   Plaintiffs further contend that this issue presents a question of fact to be determined by the jury. *See Frederick Road Ltd. Partnership*, 360 Md. at 96-100.

Moreover, the factual allegations contained in Plaintiffs' Amended Complaint are sufficient to overcome Defendants' Motion to Dismiss.  The following allegations are pertinent to this inquiry:

- Following the collision, Mr. Jenkins, Mr. Guinn and other BPD officers provided false witness statements to investigating officers and fabricated evidence to provide legitimacy to the illegal stop, pursuit and arrest of Mr. Burley and Mr. Matthews to exculpate themselves from their wrongful actions and omissions which caused the death of the Decedent and the injuries to Ms. Cain. (Pls' Am. Compl., at ¶ 44.)

- Mr. Jenkins a knowingly authored a false statement of probable cause, framing Mr. Burley and Mr. Matthews for crimes they did not commit.  (*Id.* at ¶ 45.)

- There was no lawful basis for Mr. Jenkins and Mr. Guinn to conclude that Mr. Burley or Mr. Matthews were involved in any criminal conduct.  The actions of the Officers violated not only Mr. Burley and Matthew's rights, but also deprived the Decedent and Ms. Cain their right to life and liberty in violation of the Due Process Clause of the Fourteenth (14th) Amendment to the United States Constitution.  (*Id.* at ¶ 46.)

- Mr. Jenkins admitted, among other things, that he knowingly concealed, covered up and falsified entries in an official Statement of Probable Cause in the District Court of Maryland for Baltimore City. (*Id.* at ¶ 57.)

6

- The false statements of Mr. Jenkins, Mr. Guinn and other BPD officers, adopted by the BPD, misled not only state and federal agents and prosecutors, but also Decedent's family and Ms. Cain as they were unaware of the role of the Defendants played in the deadly crash.  (*Id.* at ¶ 60.)

- Plaintiffs' Amended Complaint was timely filed within three (3) years of Plaintiffs' discovery of the causes of action alleged herein.  (*Id.* at ¶ 188.)

- Plaintiffs' learned of the Officers' wrongful acts and falsification of evidence upon the filing of an indictment against Mr. Jenkins on November 30, 2017.  (*Id.* at ¶ 189.)

- Defendants fraudulently concealed the misconduct of the Officers by providing false statements, fabricating evidence and falsifying official BPD documents.  (*Id.* at ¶ 190.)

- On February 6, 2018, Plaintiffs sent Andre M. Davis, Baltimore City Solicitor, notice of Plaintiffs' claims. (*Id.* at ¶ 13.)  On February 7, 2018, Plaintiffs sent Nancy K. Kopp, Treasurer of the State of Maryland, notice of Plaintiffs' claims.  (*Id.* at ¶ 14.)[1]

Considering these allegations as true, and construing these allegations in the light most favorable to the Plaintiffs, the allegations contained in the Amended Complaint are sufficient to create dispute of material fact.   On the face of the Amended Complaint, Plaintiffs have alleged facts which create a question of fact to be decided by the jury.  The question of whether Plaintiffs' failure to discover their causes of action was attributable to fraudulent concealment by the Defendants is one for the fact finder, not for the Court in a motion to dismiss.

The BPD and Deputy Commissioner Palmere cite to the case of *Lewis v. Clark*, 534 F.Supp. 714 (1982) for the proposition that "the time of accrual is that point in time when the plaintiff knows or has reason to know of the injury which is the basis of the action… It is the awareness of

---

[1] Plaintiffs delivered notices of claims to Andre Davis and Nancy Kopp sixty-eight (68) and sixty-nine (69) days, respectively, after they first discovered the true role of the Defendants in causing the April 28, 2010 collision.

the facts giving rise to the cause of action, and not the illegality that the illegality of the action is conclusively provable that begins the running of the statute of limitations." *Id*. at 716-17.

Defendant's reliance on *Lewis v. Clark*, 534 F. Supp. 714 (1982), is misplaced.  The Defendants in *Lewis*, a BPD detective and a federal agent, fabricated a search warrant and planted drugs in the Plaintiff's residence.  The Plaintiff pled guilty to an indictment arising out of this incident but maintained her innocence throughout the criminal proceeding.  *Lewis*, 534 F. Supp. 714.  Almost six (6) years later, the Defendants were indicted for their involvement and the Plaintiff's conviction was set aside.  *Id*.  The Plaintiff then brought suit against the Defendants under §§ 1983, 1985, 1986, and 1988.  *Id*. at 715.

The Plaintiff argued that her claims were timely filed because she was "not aware of the [Defendants'] *admission of their* guilt," until over six (6) years after the incident.  *Id.* at 176 (emphasis added).  This Court ruled that the Plaintiffs in *Lewis* were barred by the statute of limitations because, "they were fully aware…of the operative facts surrounding the [wrongful search.]"  *Id*. at 716.  This Court went on to state that by "protest[ing] her innocence at the time she pled guilty," it was clear that the Plaintiff was aware of the facts giving arise to her action.  *Lewis*, 534 F.Supp 717-18.

The instant case is readily distinguishable from *Lewis v. Clark*, because, in this case, unlike in *Lewis*, Plaintiffs were not aware of the critical material facts which give rise to their tort claims until the November 30, 2017 indictment of Mr. Jenkins.

The BPD and Deputy Commissioner Palmere further argue that, "to the extent Plaintiffs may invoke the "discovery rule" to address their limitations issue, such argument would be without merit."  (Defs.' Mot. To Dismiss, n. 2).  Defendants go on to argue that "all material facts relevant to the cause of Plaintiffs' injuries were clearly known and fully discoverable by Plaintiff on April

8

28, 2010.  However, this argument is factually wrong.  As of April 28, 2010, Plaintiff did not

know, and had no way of discovering, the critical facts which support the alleged state law tort

claims and federal constitutional claims of Plaintiffs.   Plaintiffs did not know, and had no way of

discovering that the police report and witness statements were falsified by Mr. Jenkins, Mr. Guinn

and others and that the police officers had no legal cause to stop, pursue and arrest Mr. Burley and

Mr. Mathews.[2]  Plaintiffs (as well as state and federal prosecutors and courts) simply did not know

that the Officer Defendants fraudulently concealed their role in causing Plaintiffs' damages, among

other critical concealments made by the Officer Defendants and adopted by the BPD.

These are critical material facts which are relevant to the issue of whether Plaintiffs' failure

to discover their causes of action was attributable to the fraudulent concealment by the Officer

Defendants and adopted by the BPD.  This is a question of fact to be determined by the jury.

### C. Plaintiffs' Notices of Claims Were Timely because Plaintiffs' Claims Did Not Accrue Until November 30, 2017.

Defendants argue that the Plaintiffs' state law claims should be dismissed because the

Plaintiffs failed to timely file notice of claim, as required by the LGTCA, codified at under Code

Ann., Cts. & Jud. Proc. § 5-301, *et seq.*  At the time of the April 28, 2010 fatal collision, the

LGTCA provided: "An action for unliquidated damages may not be brought against a local

government or its employees unless the notice of the claim required by this section is given within

180 days after the injury." *See* Code Ann., Cts. & Jud. Proc. § 5-304(b)(1).[3]

---

[2] The police report and witness excerpts falsely state, among other things that: (1) Mr. Jenkins and Mr. Guinn witnessed Mr. Burley engage in an apparent drug transaction with a pedestrian; (2) Mr. Jenkins and Mr. Guinn activated the emergency lights and identified themselves as police officers when they attempted to stop Mr. Burley; (3) as Mr. Jenkins and Mr. Guinn pursued Mr. Burley they stopped at all the stop signs and did not witness the car crash; and (4) police recovered 30-50 grams of heroin from Mr. Burley's vehicle after the collision.

[3] Code Ann., Cts. & Jud. Proc. § 5-304(b)(1) was amended in 2015 to extend the time for potential plaintiffs to give notice to potential defendants from 180 days to one year.

However, § 5-304(c) provides an exception to the strict notice requirement.  It states: "Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given."  The question of whether good cause exists is within the discretion of the trial judge.  *Prince George's Cty. v. Longtin*, 419 Md. 450, 457 (2011).

The arguments set forth in Section B above apply equally to this Section C and satisfy the good cause exception to the LGTCA notice requirement.  In Plaintiffs' Amended Complaint, they allege that "Defendants fraudulently concealed the misconduct of the Officers by providing false statements, fabricating evidence and falsifying official BPD documents." (Plaintiffs' Amended Complaint, at ¶ 190).  Plaintiffs also allege that "the false statements of Mr. Jenkins, Mr. Guinn and other BPD officers, adopted by the BPD, misled not only state and federal agents and prosecutors, but also Decedent's family and Ms. Cain as they were unaware of the role of the Defendants played in the deadly crash."  (*Id*. at ¶ 60).

The purpose of the notice requirement of § 5-304 is to protect the municipalities and counties of the state from meretricious claimants and exaggerated claims by providing a mechanism whereby the municipality or county would be apprised of its possible liability at a time when it could conduct its own investigation, *i.e*., while the evidence was still fresh and the recollection of the witnesses was undiminished by time, sufficient to ascertain the character and extent of the injury and its responsibility in connection with it.  *Renn v. Bd. of Comm'rs*, 352 F. Supp. 2d 599, 600 (2005).   Strict compliance with the notice provisions of the LGTCA is not always required.  *Id*.

Plaintiffs' complied with the LGTCA by furnishing a notice of claim to Baltimore City Solicitor, Andre M. Davis, on February 6, 2018, and  Treasurer of the State of Maryland, Nancy

K. Kopp, on February 7, 2018, sixty-eight (68) and sixty-nine (69) days after Mr. Jenkins was indicted on November 30, 2018. This indictment was the first time Plaintiffs learned of the alleged constitutional violations and other tortious misconduct committed by Mr. Jenkins and the other Defendants. This was also the first time Plaintiffs learned that the Officer Defendants were not engaged in an emergency services as reflected in the falsified witness statements and police records.

Finally, the BPD and Deputy Commissioner Palmere cannot show, as they must, that they have been prejudiced by the alleged delay in receiving the notice. The material facts involving the April 24, 2010 incident were concealed from the Plaintiffs and Defendants alike, as well as multiple state and federal agents, prosecutors and courts. The BPD and Deputy Commissioner Palmere were not prejudiced as the necessary investigation of the alleged misconduct has been undertaken by federal agents and prosecutors and is currently being conducted by the state legislative Commission to Restore Trust in Policing.

### D.   Sovereign Immunity

Plaintiffs concede that the BPD is protected under the doctrine of sovereign immunity from the Plaintiffs' state law claims asserted in Counts IV, V, VII, VIII and IX. However, Plaintiffs' claims against the BPD asserted in Counts III (Monell) and X (Indemnification) cannot be dismissed, and the claims against Deputy Commissioner Palmere cannot be dismissed for the reasons set forth herein.

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully requests that this Honorable Court:

A.   Grant the Motion to Dismiss Counts IV, V, VII, VIII and IX as to the BPD only; and

B.      Deny the Motion to Dismiss Counts III and X as to the BPD;

C.      Deny the Motion to Dismiss as to Dean Palmere; and

D.      Grant such other and further relief as justice may require.


                        Respectfully submitted,


                        _____/s/_____
                        Jonathan A. Azrael (Bar No. 01630)
                        jazrael@azraelfranz.com
                        Judson Lipowitz (Bar No. 05138)
                        jlipowitz@azraelfranz.com
                        John R. Solter, Jr. (Bar No. 27483)
                        jsolter@azraelfranz.com
                        Azrael, Franz, Schwab & Lipowitz, LLC
                        101 E. Chesapeake Avenue, 5th Floor
                        Baltimore, Maryland 21286
                        410-821-6800
                        *Attorneys for Plaintiffs*