**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| Shirley Johnson, *et al.* | * | |
| Plaintiffs, | * | |
| v. | | |
| | * | Civil No.: 1:18-cv-02375-ELH |
| Baltimore City Police Department, *et al.* | | |
| | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### DEFENDANTS BALTIMORE POLICE DEPARTMENT AND FORMER DEPUTY COMMISSIONER DEAN PALMERE'S OPPOSITION TO MOTION TO STRIKE

Defendants the Baltimore Police Department ("BPD") and former Deputy Police Commissioner Dean Palmere ("Palmere") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Opposition to Plaintiffs' Motion to Strike New Arguments Raised in Defendants' Reply or, in the Alternative, Motion for Leave of Court to File Surreply. ECF No. 26. In support thereof, Defendants state as follows:

1.      On October 22, 2018, Defendants filed a joint Motion to Dismiss Plaintiffs' Amended Complaint in which they argued that the Court should dismiss Plaintiffs' Amended Complaint in its entirety due to the expiration of the statute of limitations, and that the state law claims are also barred by operation of the doctrine of sovereign immunity and Plaintiffs' failure to comply with the Local Government Tort Claims Act. ECF Nos. 14, 14-1.

2.      On December 5, 2018, Plaintiffs filed a Response in Opposition to Defendants' Motion to Dismiss. ECF No. 19. Plaintiffs argued that the discovery rule saves their claims from the statute of limitations. *Id*. at pp. 4-9. On December 27, 2018, Defendants filed a Reply that addressed the arguments in Plaintiffs' Opposition. ECF No. 22. Plaintiffs argue that the Reply

contained new arguments which should be either stricken or, alternatively, that Plaintiffs should be permitted to file a sur-reply. ECF No. 19.

3.      Plaintiffs are simply incorrect; Defendants do not raise new legal theories in the Reply. The arguments presented in Defendants' Reply are "offered to rebut arguments specifically raised in [the] opposition" filed by Plaintiffs. *Sprint Nextel Corp. v. Simple Cell Inc.*, 248 F. Supp. 3d 663, 676 (D. Md. 2017) (citation omitted); *see also EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013) (explaining that "where 'the arguments made by Defendants in their reply brief are merely responses to new arguments made by Plaintiffs in their response,' a sur-reply is not appropriate") (internal citation omitted); *Aguilar v. LR Coin Laundromat*, 2012 WL 1569552, at *2-3 (D. Md. May 2, 2012) (denying motion to strike or to allow sur-reply where plaintiffs' opposition introduced arguments about defendants' sales volume, and defendants' reply included an affidavit and tax return not attached to the original motion, but used to address the arguments in the plaintiffs' opposition).

4.      Contrary to Plaintiffs' position, Defendants' argument that "Plaintiffs cannot recover twice for the same injury" is a direct rebuttal to Plaintiffs' invocation of the discovery rule in their Opposition. *As previously noted, Plaintiffs' Opposition grossly misrepresented the date upon which they first became aware of the facts giving rise to their cause of action*. ECF No. 19 at p. 8.[1] Both Plaintiffs' Opposition and Amended Complaint completely and conveniently omit the state court lawsuit and derivative judgment in their favor, which actually provides the operative dates for which the discovery rule commences.[2] Thus, it was not until the filing of Plaintiffs' Opposition and its insistence that the operative date for accrual of their claims

---

[1] Plaintiffs boldly – and inaccurately – state that "they were unaware of the role of the Defendants played in the deadly crash."  ECF No. 9-1, at ¶ 60.

[2] Indeed, as explained in Defendants' Reply, the state court action bars the filing of the instant suit.

was November 30, 2017 that Defendants were compelled to cite evidence to the contrary in their

Reply. Plaintiffs' state court lawsuit and judgment unequivocally show Plaintiffs had knowledge

of the facts giving rise to the claims asserted in the case at bar well before November 30, 2017. It

was therefore proper for Defendants to respond in their Reply that the discovery rule cannot be

relied on here as an exception to the rule against double recovery.

      5.      Plaintiffs also argue that Defendants raised for the first time in their Reply the

argument that sovereign immunity protects Palmere in his official capacity. ECF No. 26 ¶ 4.

Although it is true that Defendants initially stated only that "BPD has sovereign immunity" in

the Motion to Dismiss,[3] the distinction between BPD and Palmere in his "official capacity," for

sovereign immunity purposes, is a distinction without a difference. Plaintiffs conceded in their

Opposition that BPD has sovereign immunity on all state law claims except Count X

(Indemnification).  ECF No. 19 at p. 1. Defendants included a single sentence (repeated two

times) in their Reply in order to clarify this point. ECF No. 22 at pp. 2, 22. It is BPD that holds

sovereign immunity as an agency of the State of Maryland.  However, that immunity extends to

Palmere in his official capacity because there is simply no difference between the former and the

latter. In any event, sovereign immunity can be raised at any time. *Dep't of Pub. Safety & Corr.*

*Servs. v. ARA Health Servs.*, 107 Md. App. 445, 459 (1995).

      6.      Defendants' contention that "Plaintiffs do not have standing to maintain a suit for

indemnification against BPD" was not raised for the first time in the Reply. ECF No. 26 ¶ 4.

Defendants argued this position in response to Plaintiffs' assertion that sovereign immunity

specifically does not apply to Count X (Indemnification). ECF No. 19 ¶¶ 1, 11. Sovereign

immunity and indemnification are closely linked. Sovereign immunity is only waived to the

---

    [3] *See* ECF No. 14-1 at 7.

extent that BPD cannot assert it in order to avoid the duty to defend or indemnify an employee. *See, e.g.*, *Cherkes v. Balt. Police Dep't*, 140 Md. App. 282, 318 (2001) (stating that "section 5-302(b)(2) of the LGTCA prohibits a local government from 'assert[ing] governmental or sovereign immunity to avoid the duty to defend or indemnify an *employee*….' (brackets in original) (emphasis added). Therefore, only employees have standing to maintain a suit for indemnification against BPD because, under the LGTCA, they are the only individuals for whom the General Assembly has waived sovereign immunity and, concomitantly, imposed a duty to indemnify. *Cf. id.*

7.      Even if the Court were to find Plaintiffs' instant argument compelling, the remedy sought by Plaintiffs is improper.  Federal Rule of Civil Procedure 12(f) provides, in part: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants' Reply in support of the Motion to Dismiss is not a pleading. Fed. R. Civ. P. 7(a) (defining pleadings as complaints, answers, and court-ordered replies to answers). Plaintiffs' Motion to Strike, therefore, is not a proper challenge to Defendants' Reply. *See, e.g.*, *Internat'l Longshoremen's Ass'n, Steamship Clerks Local 1624, AFL-CIO v. Va. Internat'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) and cases cited therein (holding that the rules did not permit the court to strike a reply brief).

8.      In addition, even if Plaintiffs' Motion to Strike were proper, Rule 12(f) motions are disfavored because "striking a portion of a pleading is a drastic remedy. . . ." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation omitted). Such a remedy would not be warranted in this case because the arguments in Defendants' Reply fairly respond to those raised by Plaintiffs in their Opposition.

9.      Notwithstanding any and all of the above, in the spirit of professional courtesy,

Defendants would not object if the Court should find a Sur-Reply helpful and allows same.

WHEREFORE, Defendants request that this Honorable Court deny Plaintiffs' Motion to

Strike.

Respectfully submitted,

Andre M. Davis (362)
City Solicitor

Justin S. Conroy (28480)

_____/s/_____
Kara K. Lynch (29351)
Chief Solicitors
Alexa E. Curley (19943)
Assistant City Solicitor
Baltimore City Law Department
Office of Legal Affairs
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
Telephone: (410) 396-2496
Facsimile:  (410) 396-2126
E-mail: kara.lynch@baltimorepolice.org

*Attorneys for Defendants BPD and former Deputy
Commissioner Dean Palmere*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of January 2019, a copy of the foregoing

Opposition to Motion to Strike and Proposed Order were forwarded to all counsel of record via

the United States District Court electronic filing system.


_____/s/_____

Kara K. Lynch (29351)