IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **SHIRLEY JOHNSON,** *et al*. | * | |
| *Plaintiffs* | * | |
| | * | |
| v. | * | Civil Action No. 1:18-cv-02375-ELH |
| | * | |
| **BALTIMORE POLICE DEPARTMENT,** *et al*. | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' RESPONSE TO DEFENDANT, WAYNE JENKINS'
MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, Wayne Jenkins ("Mr. Jenkins") has filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and "adopts and incorporates the Motion to Dismiss filings submitted by co-defendant Baltimore Police Department."

Mr. Jenkins adopts three (3) arguments in support of his Motion to Dismiss. First, he argues that Plaintiffs' claims are barred by the applicable statute of limitations. Second, Mr. Jenkins argues that Plaintiffs failed to file a timely notice of claim pursuant to Maryland's Local Government Tort Claims Act (LGTCA). And third, he argues that Plaintiffs cannot recover twice for the same injury.

Plaintiffs adopt and incorporate the arguments set forth in Plaintiffs' Response to the Baltimore Police Department's and Dean Palmere's Motion to Dismiss (Document No. 19) as to the first and second arguments.

As to Mr. Jenkins' third argument, Plaintiffs contend that the "one recovery rule" is

1

inapplicable to the instant case. Defendants argue that because certain of the Plaintiffs in this case, but not all, obtained a judgment against Umar Burley in a previous wrongful death case brought by the children of Elbert Davis, Sr. relating to Mr. Burley's negligent acts, plaintiffs cannot receive a "double recovery under different legal theories for the same injury." ECF No. 22 at p. 16. Defendants cite several cases in support of this proposition, including, *Gordon v. Pete's Auto Service of Denbigh, Inc.*, 637 F.3d 454, 460-61 (4th Cir. 2011), *Exxon Mobil Corp. v. Albright*, 433 Md. 303 (2015), *Kramer v. Emche*, 64 Md. App. 27 (1985), and *Haley v. Corcoran*, 2010 WL 4117267 (D.Md. 2010), among others. However, none of these cases involve facts, injuries or recoveries similar to those presented in the case at bar.

In this case, there are twelve Plaintiffs, including two estates asserting claims for the injuries and damages Elbert Davis, Sr. and Phosa Cain experienced during their lives as a result of the wrongful acts of Defendants; and ten wrongful death beneficiaries asserting claims for their own mental anguish, pain and suffering, loss of society and companionship they suffered relating to the wrongful death of their father. The injuries and damages claimed by the wrongful death plaintiffs are separate and distinct from those injuries and damages claimed by the estate plaintiffs. Furthermore, the wrongful death claims are limited by Maryland's statutory cap on non-economic damages; whereas the damages available to Plaintiffs under their §1983 claims are not subject to a cap on non-economic damages. Simply put, the injuries and damages suffered by the wrongful death plaintiffs and the estate plaintiffs are not the same, and the claims are not duplicative.

It is also worth noting that Mr. Jenkins (the BPD and Mr. Palmere) are not joint tortfeasors with Umar Burley for the §1983 claims because Umar Burley can have no responsibility for these claims. These claims can only be asserted against the officer defendants and the BPD. The recovery of the Judgment against Burley by certain wrongful death beneficiaries in the Burley

Wrongful Death Case does not operate as a credit against any future judgment which may be obtained by different a plaintiff against the officer defendants and/or the BPD arising from Plaintiffs' §1983 claims. Similarly, the recovery of any future judgment by the estate plaintiffs against the officer defendants and/or the BPD arising from the §1983 claims will not operate as a credit against the Burley Judgment.

Finally, Defendants' argument assumes, incorrectly, that Plaintiffs have made an actual recovery in connection with the Burley Judgment. Although the wrongful death plaintiffs obtained a judgment against Umar Burley for his negligent acts, they have not collected any money and have not made any recovery on the judgment. Moreover, even if the wrongful death plaintiffs had collected on the Burley Judgment, the "one recovery rule" does not prevent those same wrongful death plaintiffs, nor the estate plaintiffs, from asserting separate §1983 claims against Jenkins (the BPD and/or Palmere) and seeking to recover amounts greater than the judgment against Umar Burley.

### III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully requests that this Honorable Court:

A.   Deny Mr. Jenkins' Motion to Dismiss; and

D.   Grant such other and further relief as justice may require.

Respectfully submitted,

/s/
Jonathan A. Azrael (Bar No. 01630)
jazrael@azraelfranz.com
Judson Lipowitz (Bar No. 05138)
jlipowitz@azraelfranz.com
John R. Solter, Jr. (Bar No. 27483)
jsolter@azraelfranz.com
Azrael, Franz, Schwab, Lipowitz & Solter, LLC
101 E. Chesapeake Avenue, 5th Floor
Baltimore, Maryland 21286
410-821-6800
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of April, 2019, a copy of the foregoing Response to Defendant Wayne Jenkins Motion to Dismiss was electronically filed with the United States District Court for the District of Maryland and forwarded via the Court's electronic filing system to all counsel of record in the case.

/s/
John R. Solter, Jr. (Bar No. 27483)