# EXHIBIT A

| | | |
|---|---|---|
| Shirley Johnson,<br>daughter of Elbert Davis, Sr., deceased<br>8408 Downey Dale Drive<br>Randallstown, Maryland  21133 | * <br> * <br> * <br> * | IN THE CIRCUIT COURT <br><br> FOR  2013 APR 11  AM 10:15 <br><br> BALTIMORE CITY |
| Delores Davis,<br>daughter of Elbert Davis, Sr., deceased<br>3601 Oakmont Avenue<br>Baltimore, Maryland  21215 | * <br> * <br> * | Case No.: 24-C13002083 |
| Mary Alice Cox,<br>daughter of Elbert Davis, Sr., deceased<br>36 Championship Court<br>Owings Mills, Maryland  21117 | * <br> * <br> * | |
| Gloria A. Davis,<br>daughter of Elbert Davis, Sr., deceased<br>8408 Downey Dale Drive<br>Randallstown, Maryland  21133 | * <br> * | |
| Leroy Davis,<br>son of Elbert Davis, Sr., deceased<br>3601 Oakmont Avenue<br>Baltimore, Maryland  21215 | * <br> * <br> * | Case: 24-C-13-002083<br>CV File New<br>                             $50.00<br>Appear Fee<br>                             $20.00<br>MLSC<br>                             $55.00<br>TOTAL             $125.00 |
| Elbert Lee Davis, Sr.,<br>son of Elbert Davis, Sr., deceased<br>8103 Carlson Lane<br>Windsor Mill, Maryland  21244 | * <br> * | COMMENT:<br>JOHNSON VS. GAIL DAVIS |
| Arthur Cain,<br>son of Elbert Davis, Sr., deceased<br>12 Jones Street<br>Boydton, Virginia  23917 | * <br> * <br> * | Receipt #2013000045<br>Cashier: MEL COOKAS<br>04/12/13      2:20PM |
| Albert Cain,<br>son of Elbert Davis, Sr., deceased<br>8408 Downey Dale Drive<br>Randallstown, Maryland  21133 | * <br> * | |
| Elbert Davis, Jr.,<br>son of Elbert Davis, Sr., deceased<br>8408 Downey Dale Drive<br>Randallstown, Maryland  21133 | * <br> * <br> * | |

**Plaintiffs**

and

To The Use of Gail S. Davis,
daughter of Elbert Davis, Sr., deceased
9304 Owings Choice Court
Owings Mills, Maryland 21117

    **Use Plaintiff**

v.

UMAR BURLEY a/k/a Omar Burley
Western Correctional Institution
(DOC ID 562249)
13800 McMullen Hwy. SW
Cumberland, MD 21502

    Serve On:
        Division of Correction
        6776 Reisterstown Road
        Suite 310
        Baltimore, Maryland 21215

and

NATIONWIDE MUTUAL INSURANCE
COMPANY

    Serve On:

        Therese M. Goldsmith,
        Insurance Commissioner
        200 St. Paul Place, Suite 2700
        Baltimore, Maryland 21202

    **Defendants**

## COMPLAINT

Plaintiffs, Shirley Johnson, Delores Davis, Mary Alice Cox, Gloria A. Davis, Leroy Davis, Elbert Lee Davis, Sr., Arthur Cain, Albert Cain and Elbert Davis, Jr., surviving adult children of Elbert Davis, Sr., deceased, by and through their attorneys, Jonathan A. Azrael, Judson H. Lipowitz and Azrael, Franz, Schwab & Lipowitz, LLC,

and to the use of Gail S. Davis, also a surviving adult child of Elbert Davis, Sr., deceased, bring this action against Defendants Umar Burley and Nationwide Mutual Insurance Company and state as follows:

### Parties

1. Elbert Davis, Sr. (the "Decedent") was killed in a motor vehicle accident due to the negligence of an uninsured motorist in Baltimore City, Maryland on April 28, 2010. At the time of his death, the Decedent was not married and his mother and father had predeceased him.

2. Plaintiffs, Shirley Johnson, Delores Davis, Mary Alice Cox, Gloria A. Davis, Leroy Davis, Elbert Lee Davis, Sr., Arthur Cain, Albert Cain and Elbert Davis, Jr., are surviving adult children of the Decedent and, as such, are primary beneficiaries who are or may be entitled to claim damages in this wrongful death action pursuant to §3-904(a) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland and pursuant to Chapter 1000, Maryland Rules, Wrongful Death Section 15-1001, and are hereby designated as the "Plaintiffs" in this action.

3. Gail S. Davis, is also a surviving adult child of the Decedent and, as such, is a primary beneficiary who is or may be entitled to claim damages in this wrongful death action pursuant to §3-904(a) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland and pursuant to Chapter 1000, Maryland Rules, Wrongful Death Section 15-1001, and is hereby designated as "Use Plaintiff" in this action. In that Use Plaintiff has not yet joined in this action, Plaintiffs will attempt to serve Use Plaintiff with a copy of this Complaint and with the Notice to Use Plaintiff required pursuant Maryland Rule 15-1001(d).

4. Defendant, Umar Burley ("Burley") is the uninsured motorist who caused the motor vehicle accident alleged in this Complaint and the resulting death of the Decedent on April 28, 2010.

5. Defendant, Nationwide Mutual Insurance Company ("Nationwide") insured the Decedent driver and the vehicle the Decedent was operating at the time of the motor vehicle accident alleged herein.

## FACTS COMMON AS TO ALL COUNTS

6. On April 28, 2010, at approximately 11:49 a.m., the Decedent was operating a Chevrolet Monte Carlo eastbound on Gwynn Oak Avenue, at or near its intersection with Belle Avenue in Baltimore City, Maryland. The said intersection is controlled by four stop signs (one for each direction of travel).

7. At said time and place, the Decedent stopped his vehicle at the eastbound Gwynn Oak Avenue stop sign and entered the intersection when it appeared safe for him to do so.

8. At the same time, Defendant Burley was operating a 1999 Acura TL in a reckless and dangerous manner southbound on Belle Avenue when it entered the intersection at an excessive rate of speed without stopping at the southbound Belle Avenue stop sign and collided with the Decedent's vehicle with great force, causing the Decedent's death. The Decedent was pronounced dead at 2:34 p.m. on April 28, 2010.

9. Defendant Burley owed the Decedent a duty to operate his vehicle in a safe and lawful manner.

10. Defendant Burley breached this duty and was negligent in the following ways:

  a. By failing to stop at a stop sign;

  b. By failing to yield the right-of-way to the Decedent's vehicle;

  c. By colliding with the Decedent's vehicle;

  d. By operating his vehicle in a careless and reckless manner; and

  e. By failing to observe the laws of the State of Maryland with respect to the operation of a motor vehicle on a public roadway.

11. As a direct and proximate result of the negligence of Defendant Burley, the Decedent suffered fatal bodily injuries and death.

12. The Decedent's death and all of the Plaintiffs' damages as alleged herein were caused solely by the negligence of Defendant Burley without any negligence on the part of the Decedent thereunto contributing.

## COUNT I
## Wrongful Death against Defendant Burley

Plaintiffs hereby sue and bring this wrongful death action against Defendant Burley pursuant to §§3-901 through 3-904 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland and Maryland Rule 15-1001, and allege as follows:

13. Plaintiffs incorporate and adopt by reference the allegations of Paragraphs 1 through 12 above as if fully set forth herein.

14. The Complaint is timely filed within three years after the death of the Decedent pursuant to §3-904(g) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

15. The death of the Decedent was a direct and proximate result of the negligence of Defendant Burley. As a result of the Decedent's death, Plaintiffs suffered and will continue to suffer sorrow, grief, pecuniary loss, mental anguish, emotional pain

and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education, and loss of services and support which the Decedent could have and would have afforded and rendered had he continued to live.

**WHEREFORE**, Plaintiffs, pursuant to Maryland Rule 2-305, demand judgment against Defendant Burley in an amount that exceeds $75,000.00, to be apportioned pursuant to Maryland Rule 15-1001 and §3-904 (c) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, plus interest and costs.

## COUNT II
### Breach of Contract against Defendant Nationwide Mutual Insurance Company

Plaintiffs hereby sue and bring this breach of contract action against Defendant Nationwide and allege as follows:

16.  Plaintiffs incorporate and adopt by reference the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

17.  Defendant Nationwide is a licensed insurance company that sells, solicits, writes and issues automobile insurance policies throughout the State of Maryland including Baltimore City.

18.  Defendant Nationwide insured the Decedent driver and the vehicle the Decedent was operating at the time of the motor vehicle accident alleged herein under an insurance policy, referenced as Policy No. 52 19 E 079854 (the "Policy"), which afforded uninsured motorist coverage in the amount of $100,000.00 each person and $300,000.00 each occurrence.

19. Under the terms of the Policy, Defendant Nationwide is obligated to pay Plaintiffs compensatory damages which are due by law to them from the owner or driver of an uninsured motor vehicle because of the Decedent's death that resulted from an accident arising out of the ownership, maintenance or use of the uninsured motor vehicle, to the extent of the applicable uninsured motorist coverage in the amount of $100,000.00 each person.

20. There was no automobile liability insurance or other security in effect or applicable to the owner or driver of the vehicle operated by Defendant Burley at the time of the accident. Therefore, the vehicle operated by Defendant Burley at the time of the accident qualified as an uninsured motor vehicle under the terms of the Policy.

21. Plaintiffs have fully complied with the terms of the Policy and Defendant Nationwide is obligated under the Policy to pay Plaintiffs compensatory damages under the uninsured motorist coverage provisions of the Policy to the extent of the $100,000.00 policy limit.

22. Despite demand for the policy limit in the amount of $100,000.00, Defendant Nationwide has failed to pay Plaintiffs the damages which are due to them under the Policy, and Defendant Nationwide is thereby in breach of contract.

**WHEREFORE,** Plaintiffs demand judgment against Defendant Nationwide in the amount of One Hundred Thousand Dollars ($100,000.00), to be apportioned pursuant to §3-904(c) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, plus interest and costs.

**RESPECTFULLY SUBMITTED:**

_____
Jonathan A. Azrael
Judson H. Lipowitz
**Azrael, Franz, Schwab & Lipowitz LLC**
101 E. Chesapeake Avenue, Fifth Floor
Towson, Maryland  21286
410-821-6800
Attorneys for Plaintiffs

F:\USERS\PI Dept\PI Cases\WRONGFULDEATHCLAIMS\Davis,Elbert\Complaint.doc

Circuit Court for <u>Baltimore City</u>
                    City or County

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
    *Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.
    *Defendant:* You must file an Information Report as required by Rule 2-323(h).
    **THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: [X] PLAINTIFF [ ] DEFENDANT   CASE NUMBER _____ (Clerk to insert)

CASE NAME: <u>Shirley Johnson, et al.</u> vs. <u>Umar Burley, et al.</u>
                Plaintiff                           Defendant

JURY DEMAND: [ ] Yes [X] No   Anticipated length of trial: ____ hours or ____ days
RELATED CASE PENDING? [ ] Yes [ ] No  If yes, Case #(s), if known: _____

Special Requirements? [ ] Interpreter (Please attach Form CC-DC 41)
                      [ ] ADA accommodation (Please attach Form CC-DC 49)

### NATURE OF ACTION (CHECK ONE BOX) | DAMAGES/RELIEF

| TORTS | LABOR | A. TORTS | |
|---|---|---|---|
| [X] Motor Tort | [ ] Workers' Comp. | **Actual Damages** | |
| [ ] Premises Liability | [ ] Wrongful Discharge | [ ] Under $7,500 | [ ] Medical Bills |
| [ ] Assault & Battery | [ ] EEO | [ ] $7,500 - $50,000 | $ _____ |
| [ ] Product Liability | [ ] Other _____ | [ ] $50,000 - $100,000 | [ ] Property Damages |
| [ ] Professional Malpractice | **CONTRACTS** | [X] Over $100,000 | $ _____ |
| [X] Wrongful Death | [X] Insurance | | [ ] Wage Loss |
| [ ] Business & Commercial | [ ] Confessed Judgment | | $ _____ |
| [ ] Libel & Slander | [ ] Other _____ | | |
| [ ] False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS** | **C. NONMONETARY** |
| [ ] Nuisance | [ ] Judicial Sale | [ ] Under $10,000 | [ ] Declaratory Judgment |
| [ ] Toxic Torts | [ ] Condemnation | [ ] $10,000 - $20,000 | [ ] Injunction |
| [ ] Fraud | [ ] Landlord Tenant | [X] Over $20,0000 | [ ] Other _____ |
| [ ] Malicious Prosecution | [ ] Other _____ | | |
| [ ] Lead Paint | **OTHER** | | |
| [ ] Asbestos | [ ] Civil Rights | | |
| [ ] Other _____ | [ ] Environmental | | |
| | [ ] ADA | | |
| | [ ] Other _____ | | |

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
  A. Mediation [ ] Yes [ ] No      C. Settlement Conference [X] Yes [ ] No
  B. Arbitration [ ] Yes [ ] No      D. Neutral Evaluation [ ] Yes [ ] No

### TRACK REQUEST

With the exception of Baltimore County and Baltimore City, please fill in the estimated *LENGTH OF TRIAL*. *THIS CASE WILL THEN BE TRACKED ACCORDINGLY.*
    [ ] 1/2 day of trial or less      [ ] 3 days of trial time
    [X] 1 day of trial time      [ ] More than 3 days of trial time
    [ ] 2 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.

Date ___4/8/??___      Signature _____

CC/DCM 002 (Rev. 2/2010)      Page 1 of 3

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**
Trial within 7 months
of Filing

☐ **Standard**
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____   _____

Signature                                               Date

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing          ☐ Standard - Trial within 18 months of Filing

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☒ Expedited          Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short     Trial 210 days.

☐ Standard           Trial 360 days.

☐ Lead Paint         Fill in: Birth Date of youngest plaintiff _____.

☐ Asbestos           Events and deadlines set by individual judge.

☐ Protracted Cases   Complex cases designated by the Administrative Judge.

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☐ Liability is seriously in dispute.

| **CIRCUIT COURT FOR BALTIMORE COUNTY** | |
|---|---|
| ☐ Expedited<br>(Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard<br>(Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard<br>(Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex<br>(Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |