# EXHIBIT E

## SETTLEMENT AGREEMENT AND RELEASE

NOV 1 8 2020

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into this 10th day of November, 2020, by and among Umar Hassan Burley (the "Releasing Party") and the Baltimore Police Department ("BPD") and the Mayor and City Council of Baltimore (collectively, BPD and the Mayor and City Council of Baltimore will be referred to as the "Settling Parties"). The Settling Parties, in addition to all current and former officers and employees of the BPD and Mayor and City Council of Baltimore are hereafter referred to as the "Released Parties." The Released Parties together with the Releasing Party are referred to herein as the "Parties."

### RECITALS

WHEREAS, Releasing Party filed a Complaint in the United States District Court for the District of Maryland, substantially or similarly styled as *Umar Hassan Burley and Brent Andrew Mathews v. Baltimore City Police Department, et al.*, Case No. 1:18-cv-01743-SAG (the "Litigation"), arising out of an alleged incident that occurred and/or began on or about April 28, 2010, in Baltimore City, Maryland (the "Occurrence"); and

WHEREAS, the Releasing Party alleges that he sustained personal injuries, civil rights violations, emotional distress and/or other damages, whether presently known or unknown, related to the Occurrence (hereinafter "Releasing Party's Losses"); and

WHEREAS, the Released Parties deny and dispute the allegations asserted in the Litigation; and

WHEREAS, the Settling Parties now desire to fully compromise and settle finally and forever any now existing or such other future claims or disputes asserted or which could have been asserted of whatever nature, including without limitation, any and all claims, causes of

action, costs and demands of whatever name or nature, in any manner by the Releasing Party arising, growing out of, or on account of any Releasing Party's Losses, the Litigation, or the Occurrence, against the Settling Parties.

## AGREEMENT

NOW THEREFORE, in consideration of the mutual promises and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Releasing Party and Settling Parties hereby covenant and agree as follows:

1. **Recitals**: The foregoing recitals are incorporated into and made part of this Agreement.

2. **Payment**: On or before December 1, 2020, the City shall make the sum total payment to the Releasing Party of Six Million, Two Hundred Seventy-Five Thousand, Seventy-Three Dollars, and Twenty-Seven Cents ($6,275,073.27); the ("Settlement Sum") as full and final payment for making the Release herein and abiding by the terms set forth in this Agreement. Payment shall be made payable to Silverman Thompson Slutkin & White, as attorneys for Umar Burley, by check or by wire transfer to Silverman Thompson Slutkin & White's escrow account. Any Form 1099 issued in conjunction with this payment shall be issued to "Silverman, Thompson, Slutkin & White." The attorneys shall distribute the settlement proceeds to the Releasing Party, less any attorney's fees and expenses, and less the amounts required for the **Satisfaction of Lien** described in paragraph 3, below. The Releasing Party acknowledges and agrees that the foregoing payments shall be made directly to his attorneys. The payment of the Settlement Sum is in compensation for Mr. Burley's claims for wrongful incarceration and physical injuries.

3. **Satisfaction of Lien.** The Releasing Party agrees, within 10 days of receipt of the funds described in paragraph 2 above, to satisfy in full the judgment entered against him in the matter entitled *Shirley Johnson, et al. v. Umar Burley*, in the Circuit Court for Baltimore City, Maryland ("*Johnson v. Burley*"). The parties agree that the amount of the payoff of this lien, as of December 10, 2020, will be approximately One Million Eight Hundred Forty-Seven Thousand Seventy-Three Dollars and Twenty-Seven cents ($1,847,073.27). The Parties agree that the actual amount of the lien may differ at the time it is satisfied, but the Releasing Party will either keep the difference or satisfy the difference to ensure the lien is completely satisfied. The Releasing Party will ensure appropriate filings are made to be sure the lien is completely satisfied with the applicable court, and provide a copy of the notice of satisfaction of judgment promptly after it is filed with the Court. Upon approval of this Agreement by the Board of Estimates, the Releasing Party agrees to immediately dismiss or withdraw any appeals or litigation related to the *Johnson v. Burley* lien.

4. **Dismissal**: Within two (2) business days after receipt of the Settlement Sum by Silverman Thompson Slutkin & White, the Releasing Party shall file, or authorize counsel for the Settling Parties to file, in the Court where the Litigation is proceeding, a Joint Stipulation of Dismissal with Prejudice, pursuant to Fed. R. Civ. Pro. 41(a)(1)(A)(ii), as to the Released Parties.

5. **Approval by City's Board of Estimates**: The Settling Parties understand that payment of the Settlement Sum as set forth in this Agreement is subject to, and contingent upon, the prior approval of the City's Board of Estimates. In the event that the Board of Estimates rejects the settlement, this Agreement will become void and of no legal effect, whereupon the parties could continue to seek relief through the Litigation regarding the

Occurrence. The Released Parties and their counsel agree to present this settlement to the Board of Estimates, together with their recommendation that the Board approve this settlement, in time for approval and payment prior to December 1, 2020.

6. **Warranty of Capacity to Enter Into Release**: The Releasing Party represents and warrants that no other person or entity, other than the plaintiffs in *Johnson v. Burley*, has any interest in the claims, demands, allegations or causes of action referred to in this Agreement except as otherwise set forth herein and that he has the sole right and exclusive authority to execute this Agreement, to receive the sum specified in it and to release all claims on his behalf, and that he has not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand, obligation or causes of action referred to in this Agreement. If any person should assert a claim on behalf of the Releasing Party for damages against any of the Released Parties claiming that the Releasing Party did not have the right or authority to enter into this Agreement or receive the monies hereunder, the Releasing Party agrees to indemnify, defend and hold harmless the Released Parties from any and all claims or contentions, damages, costs, liability and attorneys' fees as a consequence or result of such claim or lawsuit.

7. **General Release and Covenant not to Sue**: In consideration of the payment of the Settlement Sum and other good and valuable consideration, the Releasing Party, his heirs, assigns, agents, representatives, attorneys and successors in interest hereby unconditionally releases and forever discharges and covenants not to sue the Released Parties, their officials, agents, employees, employers, agencies, departments, directors, officers, members, representatives, assigns, attorneys, successors in interest, and all other persons, firms, entities, governmental entities, and corporations from any and all Claims which the Releasing Party

may now or hereafter have or claim to have, arising out of, or in any way related to, the Occurrence, Releasing Party's Losses, and/or the allegations or claims asserted, or that could have been asserted, in the Litigation, provided, however, the obligations of the Releasing Party and the Settling Parties under this Agreement shall continue in full force and effect.

As referred to herein, the term "Claims" shall mean and include, but is not limited to, any and all losses, costs, expenses, debts, actions (constitutional or statutory, in law, or in equity), causes of action, suits, damages, claims, demands and all other claims, liabilities and obligations of any nature whatsoever including but not limited to any and all claims for discrimination under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Equal Pay Act, the Older Worker Benefits Protection Act, the Family and Medical Leave Act, the Consolidated Omnibus Budget Reconciliation Act, the Americans With Disabilities Act, the Employee Retirement Income Security Act, any claims under § 1983 ("*Monell* claims"), any comparative state law, whether presently known or unknown, including attorneys' and consultant's fees, and any claims for reimbursement or indemnification regarding judgments entered against the Releasing Party arising out of the Occurrence, other than claims for reimbursement or indemnification of claims by any or all of the plaintiffs in *Johnson v. Burley*.

8. **Costs and Expenses**. The Releasing Party and the Settling Parties will be responsible for his, her, or its own costs and expenses incurred in connection with the prosecution, defense and settlement of the claims asserted by the Releasing Party in the Litigation.

9. **No Admission of Liability**: It is understood and agreed by the Releasing Party and the Settling Parties that this Agreement and the Releases contained herein shall not be

construed as an admission of liability on the part of any of the Parties, any such liability being expressly denied, and that rather, the purpose of this Agreement is to fully and finally resolve all differences amongst the Parties and to allow the Parties to avoid the time, expense and uncertainties of protracted litigation.

10. **Medicare/Medicaid Liens**: The Releasing Party understands that Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") imposes a lien (the "Medicare Lien") for reimbursement of certain payments made by Medicare. The Settling Parties understand and believe that there are no outstanding Medicare Liens. Notwithstanding this, in the event that payment of the claims results in an obligation to reimburse Medicare, the Releasing Party agrees to make such reimbursement and agrees that his attorneys may retain sufficient funds in the attorneys' escrow account to satisfy the Medicare Lien. If the Releasing Party or his attorneys fail to satisfy a Medicare Lien, and that failure causes the Released Parties to pay or reimburse any person or entity any amount MMSEA specifies, the Releasing Party agrees to reimburse the Released Parties' payment or reimbursement to such person or entity. Upon receipt of documentation from Medicare that any Medicare Lien is satisfied, the Releasing Party will send a copy of such documentation to the Released Parties.

11. **No Evidence of Need to Indemnify**: It is understood and agreed by the Parties that this Agreement and/or corresponding settlement or payment of the Settlement Sum is not to be construed as evidence of an obligation on behalf of the Settling Parties to indemnify any person who may be covered under this Agreement for claims of intentional conduct, as such contention is expressly denied.

12. **Entire Agreement of the Parties**: It is understood and agreed by the Releasing Party and Settling Parties that this Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof and supersedes all other prior and contemporaneous written or oral agreements and discussions. This Agreement may only be amended by a writing signed by all parties hereto.

13. **Drafting of the Agreement**. The Releasing Party and Settling Parties acknowledge and agree that this Agreement represents the product of negotiations by the Releasing Party and Settling Parties and shall not be deemed to have been drafted exclusively by any one party. In the event of a dispute regarding the meaning of any language contained in this Agreement, the Releasing Party and Settling Parties agree that the same shall be accorded a reasonable construction and shall not be construed more strongly against one party than the other.

14. **Severability**: In the event that any covenant, condition, or other provision contained in this Agreement is held to be invalid, void, or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein. If such condition, covenant or other provision shall be deemed invalid due to its scope of breadth, such covenant, condition or other provision shall be deemed valid to the extent of the scope of breadth permitted by law.

15. **WAIVER OF JURY TRIAL**: TO THE EXTENT AN ACTION IS FILED IN ANY COURT IN CONNECTION WITH ANY COVENANT, TERM OR CONDITION OF THIS AGREEMENT, RELEASING PARTY AND SETTLING PARTIES HEREBY KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY.

16. **Knowing and Voluntary Act:** Releasing Party and Settling Parties represent that each read this Agreement and acknowledge that each has been represented or had the opportunity to be represented by legal counsel of their own choice throughout all of the negotiations which preceded the execution of this Agreement and that Releasing Party and Settling Parties voluntarily and knowingly executed this Agreement of their own free will and/or with the consent and/or on the advice of such legal counsel. Each of the Parties further acknowledge that each and/or such party's counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof and the delivery and acceptance of the considerations specified herein.

17. **Survival of Terms:** Releasing Party and Settling Parties agree that this Agreement shall upon approval inure to the benefit of the Releasing Party and Settling Parties and their respective agents, assigns, partners, heirs, executors, administrators, and personal or legal representatives. The Releasing Party and Settling Parties understand and agree that the terms, covenants, and conditions set forth in this Agreement shall survive the closing of the Agreement.

18. **Governing Law:** This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Maryland, without giving effect to its conflicts of law provisions, and any legal actions presenting disputes arising out of or under this Agreement shall be subject to the exclusive jurisdiction of the Circuit Court for Baltimore City, Maryland.

19. **Counterparts:** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall be

deemed to be one and the same instrument. An emailed, facsimile or copy signature will be binding and legal in all respects as if it were an original signature to this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement by their duly authorized representatives as of the date first written above:

_Judy Jones_ 	_Umar Hassan Burley_ (SEAL)
WITNESS	Umar Hassan Burley

	Baltimore Police Department and Mayor and City Council of Baltimore

_Khadeja Farahmand_	By: _Dana P. Moore_ (SEAL)
WITNESS	Dana P. Moore, Acting City Solicitor

Approved as to Form and Legal Sufficiency	**APPROVED BY THE BOARD OF ESTIMATES**

By: _Kent Hersh_	By: _Joan M Pratt, CPA_
Department of Law	Clerk	NOV 1 8 2020	Date

*[signature]*