# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| SHIRLEY JOHNSON, *et al.*, | * | |
| Plaintiffs | * | |
| v. | | Civil Action No.: 1:18-CV-02375 |
| | * | |
| BALTIMORE CITY POLICE DEPARTMENT, *et al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## INDIVIDUAL DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

Individual Defendants Wayne Earl Jenkins ("Jenkins"), Ryan Guinn ("Guinn"), Richard Willard ("Willard"), William Knoerlein ("Knoerlein"), Michael Fries ("Fries"), and Keith Gladstone ("Gladstone") (Jenkins, Guinn, Willard, Knoerlein, Fries, and Gladstone together hereafter referred to as "Individual Defendants"), by and through undersigned counsel and pursuant to this Court's Local Rules, hereby submits this *Reply* in support of *Individual Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint* [ECF Doc. No. 118] and in response to *Plaintiff's Response in Opposition* [ECF Doc. No. 121] states:

### I. BACKGROUND

Individual Defendants filed a motion to dismiss *Plaintiffs' Fourth Amended Complaint* [ECF No. Doc. 112] for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted (*Individual Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint* referred to hereafter as the "Motion"). [ECF Doc. No. 118]. Specifically, Individual Defendants move to dismiss (1) Count I (42 U.S.C. § 1983- Violation of Due Process), (2) Count

1

4846-7467-7472v2
5035840-101448 03/22/2021

IV (Wrongful Death), (3) Count V (Survival Action), and (4) Count VI (Article 24 of the Maryland Constitution- Declaration of Rights).

In the Motion, Individual Defendants argue that Counts I and IV–VI should be dismissed for lack of subject matter jurisdiction because: (1) there is no case or controversy fit for federal court adjudication as there are no remaining damages to recover under the one satisfaction rule to prevent double recovery; and (2) Plaintiffs cannot assert claims based on constitutional deprivations to a deceased third-party, here Davis and Cain, without a wrongful death or a survival action on which to rest, however: (i) the "one action" rule, under Maryland's Wrongful Death Statute precludes Davis' primary beneficiaries from maintaining a second wrongful death action, and (ii) the *Fourth Amended Complaint* fails to allege a survival action for Cain.

In the Motion, Individual Defendants further argue that, even if this Court has jurisdiction, Plaintiffs fail to state claims upon which relief can be granted because: (1) double recovery bars Counts I and IV–VI, to the extent these claims are predicated on the death of Decedent and for the benefit of Decedent's primary beneficiaries or Estate; (2) the law of the case prevents Decedent's from maintaining their own 42 U.S.C. § 1983 claim in Count I; and (3) the *Fourth Amended Complaint* fails to plead a survival action on behalf of Cain.

Plaintiffs submitted an Opposition to the Motion, claiming: (1) this Court should not take judicial notice of certain exhibits included in the Motion; (2) Fed. R. Civ. P. 12(g)(2) prevents this Court from considering arguments other than double recovery; (3) the one satisfaction rule (double recovery) is inapplicable to: (i) the Estate of Elbert Davis, Sr. and the Estate of Phosa Cain because

2

the Estates did not recover in Underlying Action; and (ii) the Decedent's Children[1] by virtue of the 42 U.S.C. § 1983 claim; (4) the Estate of Elbert Davis, Sr. properly asserts survivorship claims in Counts I and V–VI; (5) the Estate of Phosa Cain properly asserts survivorship claims in Counts I and VI; and (6) Decedent's Children properly assert wrongful death claims in Counts I, IV, and VI.

This Reply, however, will show that: (1) this Court may take judicial notice of the exhibits included in the Motion; (2) Fed. R. Civ. P. 12(g)(2) is inapplicable and this Court may properly consider all of the arguments stated in the Motion; (3) the one satisfaction rule (double recovery) is applicable to: (i) the Estate of Elbert Davis, Sr.[2] because the Estate intervened in the Underlying Action and recovered from the Underlying Action Judgment; and (ii) the Decedent's Children because they recovered in the Underlying Action (a fact not in dispute) and fail to plead a separate, cognizable harm resulting from alleged violation of 42 U.S.C. § 1983 that was not already compensated for in the Underlying Action; (4) Plaintiffs fail to state a claim as their claims do not comply with Maryland's Wrongful Death Statue and Survival Action Statute, which is fatal to their 42 U.S.C. § 1983 claim for multiple reasons; and (5) law of the case prevents Decedent's

---

[1] Plaintiff Shirley Johnson, personally, and Plaintiffs Delores Davis, Mary Cox, Gloria Davis, Albert Cain, Elbert Davis, Jr., Anita Cain (the administrator of the Estate of Arthur Cain), and to the Use of Gail Davis, Leroy Davis, and Elbert Lee Davis are the primary beneficiaries of Elbert Davis, Sr. ("Davis" or "Decedent") and will be referred to collectively hereafter as "Decedent's Children."

[2] This Reply will not address the argument that the one satisfaction rule (double recovery) is inapplicable to the Estate of Phosa Cain because Individual Defendants' never claimed that it applied to Phosa Cain in the Motion.

3

Children from maintaining their own 42 U.S.C. § 1983 claim in Count I.[3] For the reasons discussed below, there are no procedural barriers preventing substantive review of *Individual Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint.*

## II. THIS COURT MAY CONSIDER EXHIBITS A, C, E, and F.

While Plaintiffs do not dispute this Court's ability to consider **Exhibit B**, copy of the Maryland Judiciary Case Search history from the Underlying Action, and **Exhibit D**, copy of Underlying Action Judgment filed in the Underlying Action, this Court may also consider **Exhibit A**, copy of Complaint filed in the Underlying Action, **Exhibit C**, Motion to Intervene and Agreed Verdict Sheet in Underlying Action, **Exhibit E**, copy of Burley Matter Settlement Agreement and Release, and **Exhibit F,** copy of Satisfaction of Judgment. Plaintiffs do not dispute the authenticity of these exhibits, rather, Plaintiffs simply challenge this Court's ability to take judicial notice of these exhibits. Regardless, this Court can take judicial notice and consider these exhibits.

"In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily may not consider any documents that are outside of the complaint, or not expressly incorporated therein." [ECF. Doc. No. 83, Amended Memorandum Opinion, p. 14]. This Court, however, may properly consider "matters of which a court may take judicial notice." [*Id.*]. This Court "may properly take judicial notice of matters of public record." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

---

[3] Plaintiffs inaccurately claim that "Defendants argue that the law of this case demands that the wrongful death claims of Decedent's Children in Count I must be dismissed." [ECF Doc. No. 121, p. 18]. Rather, Individual Defendants argued "[t]he law of this case demands, to the extent the Decedent's Children assert a 42 U.S.C. § 1983 claim" based on their *own* alleged constitutional deprivations (*i.e.* that they were allegedly "deprived" of the "love and affection of their father") that Count I should be dismissed. [ECF Doc. No. 118, pp. 19-20 (emphasis added)].

4

Matters of public record include documents from prior state court proceedings. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) ("[A] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion."); *see also Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (*per curiam*) (finding state court records are public records that a federal district court may take judicial notice). Matters of public record also includes "copies of pleadings and other materials filed in other courts." *Caldwell Trucking PRP Grp. v. Spaulding Composites, Co.*, 890 F. Supp. 1247, 1252 (D.N.J. 1995). This Court may also "take judicial notice of publicly available records." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 503 (D. Md. 2019). When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), to determine whether jurisdiction exists, this Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Here, this Court may properly consider **Exhibit A**, copy of Complaint filed in the Underlying Action, **Exhibit C**, Motion to Intervene and Agreed Verdict Sheet in Underlying Action, **Exhibit E**, copy of Burley Matter Settlement Agreement and Release, and **Exhibit F,** copy of Satisfaction of Judgment, because these exhibits are matters of public record and qualify for judicial notice. Specifically, as evidenced by **Exhibit B**, copy of the Maryland Judiciary Case Search history from the Underlying Action**, Exhibits A**, **C**, and **F** are all documents that were filed with the Circuit Court for Baltimore City, Maryland as part of the Underlying Action.

**Exhibit E** is also a matter of public record and it has been reported extensively in the media. *See Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) (*per curiam*) (explaining a court may take judicial notice of information on a website "so

5

long as the web site's authenticity is not in dispute and it is capable of accurate and ready determination) (internal citation and quotation marks omitted). Although the document itself may not be, the fact that the Baltimore City Police Department paid the Underlying Action Judgment, in full, is a well-known fact, readily available to the public. *See* https://www.baltimoresun.com/news/crime/bs-md-ci-cr-gttf-settlements-burley-20201113-4adck7w7ljf2bh7njtph7tqnem-story.html. As such, this Court may consider **Exhibits A**, **C**, **E**, and **F**.

### III. FED. R. CIV. P. 12(g)(2) IS INAPPLICABLE AND DOES NOT PREVENT THIS COURT FROM CONSIDERING THE ARGUMENTS RAISED IN *INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT*.

As an initial matter, this Court may properly consider the arguments raised in the Motion. The Motion was brought pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). "[D]efenses under Rules 12(b)(1) [and] 12(b)(6) . . . are exempted by Rule 12(g) from the consolidation requirement and are protected against waiver by Rules 12(h)(2) and 12(h)(3)." *Miller v. Bd. of Educ. for Montgomery Cty.*, 2020 WL 7319332, at *5 (D. Md. Dec. 11, 2020) (quoting C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1361 (3d ed. Oct. 2020 Update)); *see also Ennenga v. Starns,* 677 F.3d 766, 773 (7th Cir. 2012) ("Failure-to-state-a-claim defenses are . . . excepted from the Rule 12(g)(2) consolidation requirement and not included in the Rule 12(g)(1) waiver rule."). Specifically, Rule 12(h)(2) exempts motions to dismiss for failure to state a claim upon which relief can be granted and Rule 12(h)(3) exempts motions to dismiss for lack of subject-matter jurisdiction. Accordingly, Plaintiffs procedural argument is inconsistent with the plain language of the Federal Rules and is of no assistance in helping their claims survive.

## IV. THE ONE SATISFACTION RULE (DOUBLE RECOVERY) APPLIES AND DIVESTS THIS COURT OF SUBJECT MATTER JURISDICTION AND PREVENTS PLAINTIFFS FROM STATING A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

As discussed below, the one satisfaction rule to prevent double recovery is applicable to: (a) the Estate of Elbert Davis, Sr. because the Estate recovered from the Underlying Action Judgment; and (b) the Decedent's Children because they recovered in the Underlying Action, which is not in dispute, and fail to plead any separate, cognizable harm resulting from alleged violation of 42 U.S.C. § 1983 that was not already compensated for in the Underlying Action.

### A. The Estate of Elbert Davis, Sr. Intervened in the Underlying Action and Recovered from the Underlying Action Judgment.

The Estate of Elbert Davis, Sr. intervened in the Underlying Action and received Five Thousand Dollars ($5,000.00) as part of the Underlying Action Judgment. *See* **Exhibit C**, copy of Motion to Intervene and Agreed Verdict Sheet in Underlying Action. Plaintiffs' claim that Gail Davis did not assert a survivorship claim on behalf of the Estate of Elbert Davis, Sr. is simply untrue. [ECF Doc. No. 121, p. 9]. Gail Davis' motion to intervene in the underlying action explicitly states: "I am the representative of the estate for my father, Mr. Elbert Davis Sr. Under Maryland law only one lawsuit can be filed against the defendant. However I will attend the court proceeding and represent myself to protect my interest and the interest of the estate[.]" *See* **Exhibit C.**

Plaintiffs' claim that "the Decedent's Children agreed to allocate $5,000 of their Judgment to the Estate, the Estate was not a party to the action, the Estate did not receive a judgment and there was no satisfaction of a judgment" is unsupported by the record. [ECF Doc. No. 121, p. 10]. The record clearly shows: (1) the Estate of Elbert Davis, Sr. intervened in the Underlying Action,

7

and (2) the Circuit Court for Baltimore City specifically ordered "that the amount of the aforesaid Judgment allocated to the Estate of Elbert Davis, Sr. is $5,000." *See* **Exhibit C.**

Plaintiffs point to no Court record supporting their assertion that the $5,000 award was based on any other claim or action other than the intervention by the Estate of Elbert Davis, Sr. Further, Plaintiffs fail address in their complaint or their opposition how this $5,000.00 of the Underlying Action Judgment allocated to the Estate of Elbert Davis, Sr. does not compensate the Estate for the same harms alleged in the *Fourth Amended Complaint*. Plaintiffs actually concede that the Estate recovered for its expenses in the Underlying Action. [ECF Doc. No. 121, p. 10]. The Estate of Elbert Davis, Sr. is now attempting to recover twice for the same harm, primarily on the basis that they simply want more money than they previously received. As such, the one compensation rule to prevent double recovery applies and divests this Court of jurisdiction and prevents the Estate of Elbert Davis, Sr. from stating a claim upon which relief can be granted.

    **B.**    **Double Recovery to Decedent's Children Would Result Because Plaintiffs'** ***Fourth Amended Complaint*** **Fails to Plead Separate Harm Resulting from Alleged Violation of 42 U.S.C. § 1983 That Was Not Already Compensated for in Underlying Action.**

Plaintiffs do not dispute that Decedent's Children received $1,092,500.00 as part of the Underlying Action Judgment. [ECF Doc. No. 121, p. 12]. While Plaintiffs' claim that the one satisfaction rule (double recovery) is inapplicable by virtue of 42 U.S.C. § 1983, Plaintiffs' *Fourth Amended Complaint* fails to plead any separate harm incurred because of Decedent's alleged constitutional deprivations that was not already compensated for by virtue of the satisfaction of the Underlying Action Judgment. [See ECF Doc. No. 112, ¶260-263]. In fact, both Count IV (Wrongful Death) in Plaintiffs' *Fourth Amended Complaint* and the Complaint in the Underlying Action, **Exhibit A**, seek recovery for identical harms. [ECF Doc. No. 118, pp. 9-10].

8

## V. COMPLIANCE WITH MARYLAND'S WRONGFUL DEATH STATUTE AND SURVIVAL ACTION STATUTE ARE A PREREQUISITE TO BRING SUIT AND TO STATE A LEGALLY COGNIZABLE CAUSE OF ACTION.

Plaintiffs misunderstand and conflate Individual Defendants' argument regarding Maryland's Wrongful Death Statute and Survival Action Statute. Critical to this analysis is that there are two distinct issues raised by 42 U.S.C. § 1983 claims in the context of wrongful death and survival actions. The first issue involves standing or who pursue a 42 U.S.C. § 1983 claim based on deprivations to a deceased third party, whether through: (1) wrongful death action when the alleged deprivation results in death; or (2) survival action when the alleged deprivation does not result in death. The second issue is the appropriate measure of damages for a 42 U.S.C. § 1983 claim that is pursued via wrongful death action or survival action. The Individual Defendants' arguments concern the first issue, standing, *i.e.* Plaintiffs' threshold ability to maintain Count I (42 U.S.C. § 1983- Violation of Due Process) and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights).

Irrespective of what damages are recoverable, Count I (42 U.S.C. § 1983- Violation of Due Process) and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights) must be brought in conjunction with Maryland's Survival Action Statute and Wrongful Death Statute because these statutes are necessary to confer standing to pursue claims based on deprivations to a deceased third party. *See Robertson v. Wegmann,* 436 U.S. 584, 590 (1978) (explaining state statutory law governing survival actions "provides the principal reference point in determining survival of civil rights actions"); *Andrews v. Neer*, 253 F.3d 1052, 1057 (8th Cir. 2001) (explaining state wrongful death statute applied and provided daughter standing to pursue 42 U.S.C. § 1983 action on behalf of her father even though § 1983 damages not confined by state wrongful death law).

4846-7467-7472v2
5035840-101448 03/22/2021

As Plaintiffs acknowledge, "at common law when a victim of a tort died prior to recovery, the cause of action expired with the victim's death." [ECF Doc. No. 121, p. 12]. To modify this common law result and preserve the claims, Maryland enacted the Survival Action and Wrongful Death Statutes. *Mummert v. Alizadeh,* 77 A.3d 1049, 1053 (Md. 2013). However, "the language of § 1983 makes no mention of permissible plaintiffs when the injured party dies." *Andrews*, 253 F.3d at 1056. Therefore, to determine who has standing to pursue a 42 U.S.C. § 1983 claim based on deprivations to a deceased third party, under 42 U.S.C. § 1988, courts look to state law, as long as state law is consistent with the Constitution or federal law. *Andrews,* 253 F.3d at 1056 (citing *Robertson*, 436 U.S. at 588–90).

Here, Maryland's Survival Action Statute and Wrongful Death Statute are consistent with the Constitution and federal law. As such, these statutes apply and must provide Plaintiffs standing to pursue 42 U.S.C. § 1983 claims based on deprivations to Davis and Cain. Maryland's Survival Action Statute and Wrongful Death Statute, however, do not provide standing to Plaintiffs, thus Count I (42 U.S.C. § 1983- Violation of Due Process) and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights) must be dismissed.

  **A.**   **The One Action Rule Under Maryland's Wrongful Death Statute Precludes Decedent's Children from Maintaining Count I (42 U.S.C. § 1983- Violation of Due Process), Count IV (Wrongful Death), and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights).**

Plaintiffs do not dispute that Decedent's Children received $1,092,500.00 as part of the Underlying Action Judgment. [ECF Doc. No. 121, p. 12]. Therefore, the "one action" rule under Maryland's Wrongful Death Statute precludes Davis' primary beneficiaries from maintaining this second wrongful death action. Maryland's Wrongful Death Statute explicitly provides "[o]nly one action under this subtitle lies in respect to the death of a person." MD. CODE., CTS. & JUD. PROC. § 3-904(f).

While Plaintiffs' claim the purpose of the one action rule is inapplicable "to the Decedent's Children's wrongful death action against the Defendants in this case because no defendant in this case was sued by any plaintiff in the Burley Wrongful Death Case," the purpose of the one action rule is applicable. As evidenced by **Exhibit C,** copy of Motion to Intervene and Agreed Verdict Sheet in Underlying Action, Plaintiffs intended to bring the Underlying Action against both Burley <u>and</u> the Baltimore Police Department ("BPD"). At the time the Underlying Action was filed, Plaintiffs knew that BPD was involved in the car accident and specifically asked their counsel to file the wrongful death action against the BPD. Plaintiffs should not be allowed to circumvent the one action rule and maintain a second wrongful death action based on their counsel's strategic decision or negligence. A litigation strategy, even if it proves fatal to subsequent claims, does nothing to serve Plaintiffs' ability to sustain this *Fourth Amended Complaint*.

Since Decedent's Children obtained the Underlying Action Judgment, predicated on the death of the Decedent and the BPD satisfied the Underlying Action Judgment, wrongful death is not an available vehicle for Plaintiffs' recovery. As such, Maryland's Wrongful Death Statute does not confer standing to Decedent's Children and Count I (42 U.S.C. § 1983- Violation of Due Process) and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights) must be dismissed.

     **B.**     **The Estate of Elbert Davis, Sr. Is Prevented from Pursuing Count I (42 U.S.C. § 1983- Violation of Due Process), Count V (Survival Action), and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights).**

Since Maryland's Survival Action Statute is necessary to confer standing and prevent abatement, the Estate of Elbert Davis, Sr. must bring Count I (42 U.S.C. § 1983- Violation of Due Process) and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights) based on alleged deprivations to Decedent through a survival action. Decedent's Estate attempts to do this

11

in Count V (Survival Action), however, this Count is barred by: (1) double recovery, and (2) *res judicata.*

### i. Count V (Survival Action) is Barred by Double Recovery.

As discussed, *supra*, at Section (IV)(A), the Estate of Elbert Davis, Sr. intervened in the Underlying Action and received Five Thousand Dollars ($5,000.00) as part of the Underlying Action Judgment. *See* **Exhibit C**, copy of Motion to Intervene and Agreed Verdict Sheet in Underlying Action. Under Maryland law, "[n]othing can be clearer than that there may be only one satisfaction for a single harm, no matter how many tortfeasors are involved, and regardless of whether they acted jointly or independently." *Bell v. Allstate Ins. Co.*, 291 A.2d 478, 479 (Md. 1972). Since Count V (Survival Action) is barred by double recovery, Count I (42 U.S.C. § 1983- Violation of Due Process) and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights) do not have a survival action to rest on and must be dismissed.

### ii. Count V (Survival Action) is Barred by the Doctrine of *Res Judicata.*

As discussed above, double recovery precludes the Estate of Elbert Davis, Sr. from maintaining Count I (42 U.S.C. § 1983– Violation of Due Process), Count V (Survival Action), and Count VI (Article 24 of the Maryland Constitution– Declaration of Rights). To the extent Count V (Survival Action) is not barred by double recovery, this survival action is still barred by the doctrine of *res judicata*.

*Res judicata*, or claim preclusion, is "as concerned with what might have been litigated as surely as it is with what actually was litigated." *Smalls v. Maryland State Dep't of Educ.*, Office of Child Care, 127 A.3d 610, 615 (Md. Ct. Sp. App. 2015) (citing *MPC, Inc. v. Kenny*, 367 A.2d

12

486 (Md. 1977).[4] There is a duty to raise all matters in the first cause of action that could have been raised. *Smalls*, 127 A.3d at 617 (citing *Alvey v. Alvey*, 171 A.2d 92 (Md. 1961)).

Further, under Maryland law, a mere change in legal theory will not avoid preclusion if based on the same set of facts. *Kent Cty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 236 (Md. 1987) ("The Maryland law of claim preclusion has moved far enough from the influence of the common law forms of action that it seems to be settled here that a mere change in the legal theory, applied to the same set of facts previously litigated, will not in and of itself avoid claim preclusion."). For purpose of preclusion, Maryland does not insist on the requirement of mutuality when being raised defensively. *See Pat Perusse Realty Co. v. Lingo*, 238 A.2d 100, 108 (Md. 1968).

Count V (Survival Action) of the *Fourth Amended Complaint* arises from the same set of facts and addresses the same harms that were litigated and decided in the Underlying Action; therefore, *res judicata* requires dismissal of this claim. As evidenced by **Exhibit C,** copy of Motion to Intervene and Agreed Verdict Sheet in Underlying Action, Plaintiffs intended to bring the Underlying Action against both Burley and the BPD. At the time Plaintiffs filed the Underlying Action, Plaintiffs knew that BPD was involved in the car accident and specifically asked their counsel to file the wrongful death action against the BPD. For some reason, Plaintiffs' counsel failed to bring the Underlying Action against the BPD as well.

Since the Underlying Action concerns the same car accident that is contemplated in Plaintiffs' *Fourth Amended Complaint*, the failure to raise all potential claims stemming therefrom in the Underlying Action, now precludes the Estate of Elbert Davis, Sr. from maintaining Count V

---

[4] Maryland's preclusion doctrine applies as the Underlying Action Judgment was rendered in Maryland. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90 (1980).

(Survival Action). As a party to the Underlying Action, the Estate of Elbert Davis, Sr. needed to raise all claims it may have had in the Underlying Action, and the claims that were not raised are now barred.

### C. Plaintiffs Lack Standing to Bring Count I (42 U.S.C. § 1983- Violation of Due Process) and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights) Based on Alleged Constitutional Deprivations to Cain Because the *Fourth Amended Complaint* Fails to Plead A Survival Action for Cain By Her Personal Representative.

Plaintiffs attempt to cure the failure to plead a survival action for Cain by claiming Shirley Johnson, the Personal Representative of Phosa Cain, appropriately asserted the claims in Count I (42 U.S.C. § 1983- Violation of Due Process) and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights). [*See* ECF Doc. No. 121, pp. 15-16]. The *Fourth Amended Complaint* is devoid of facts (or reasonable inferences therefrom) regarding Shirley Johnson's intent as Personal Representative to bring a survival action on behalf of Cain. In fact, since it is not clear on the face of the *Fourth Amended Complaint*, which Plaintiffs are bringing what claims, Plaintiffs attempt to resolve this ambiguity by sorting out what is actually being plead in *Plaintiff's Response in Opposition,* which is improper and should be disregarded. [See ECF Doc. No. 121, pp. 4-6]. This is a *post hoc* characterization of Plaintiffs' claims and it is not supported by what Plaintiffs plead.

The Court must evaluate the motion to dismiss based on the pleadings, not based on what Plaintiffs wish was included. As such, this Court should not consider these arguments. The failure to plead a survival action for Cain warrants dismissal of Count I (42 U.S.C. § 1983- Violation of Due Process) and Count VI (Article 24 of the Maryland Constitution- Declaration of Rights) based on alleged deprivations to Cain.

14

## VI. THE LAW OF THE CASE PREVENTS DECEDENT'S CHILDREN FROM MAINTAINING THEIR OWN 42 U.S.C. § 1983 CLAIM IN COUNT I.

As discussed in the Motion [ECF Doc. No. 118, pp. 19-20], based on the law-of-the-case doctrine, Count I must be dismissed to the extent the Decedent's Children attempt to allege a violation of their own constitutional rights. Plaintiffs misconstrue Individual Defendants' argument and claim that "[t]he law of the case supports a finding that Decedent's Children have properly and sufficiently asserted wrongful death claim in Counts [sic] I." [ECF Doc. No. 121, pp. 18-19]. Whether Decedent's Children "properly and sufficiently" assert a wrongful death claim based on alleged constitutional deprivations to Decedent is addressed in Sections (I)(A), (I)(B)(ii), and (II)(A) of the Motion. Since Decedents' Children fail to address whether they are alleging a violation of their own constitutional rights in Count I, Count I should be dismissed to this extent.

## CONCLUSION

For the foregoing reasons, Individual Defendants respectfully requests that this Court dismiss the *Fourth Amended Complaint* with prejudice. Specifically, Count I (42 U.S.C. § 1983– Violation of Due Process), Count IV (Wrongful Death), Count V (Survival Action), and Count VI (Article 24 of the Maryland Constitution– Declaration of Rights).

4846-7467-7472v2
5035840-101448 03/22/2021

Respectfully submitted,

| | |
|---|---|
| /s/ Stuart R. Goldberg | /s/ James H. Fields |
| Stuart R. Goldberg, Fed. Bar No. 21236 | James H. Fields, Fed. Bar No. 09661 |
| sgoldberg@bakerdonelson.com | jfields@fieldspeterson.com |
| Thomas H. Barnard, Fed. Bar. No. 27488 | FIELDS PETERSON, LLC |
| tbarnard@bakerdonelson.com | 111 South Calvert Street, Suite 1400 |
| BAKER, DONELSON, BEARMAN, | Baltimore, Maryland 21202 |
|   CALDWELL & BERKOWITZ, P.C. | Phone: 410-783-6347 |
| 100 Light Street, 19th Floor | Fax: 410-783-6410 |
| Baltimore, MD 21202 | *Attorneys for Individual Defendants Ryan Guinn,* |
| Phone: 410-862-1339 | *Keith Gladstone, Richard Willard, Michael Fries,* |
| Fax: 410-547-0699 | *and William Knoerlein* |
| *Attorneys for Individual Defendant* | |
| *Wayne E. Jenkins* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of March, 2021, a copy of the foregoing *Individual Defendants' Reply to Plaintiff's Response in Opposition to Individual Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint* was filed with the United States District Court for the District of Maryland, and served on all counsel of record, electronically, via the Court's CM/ECF e-filing system.

                                           /s/ Stuart R. Goldberg
                                           Stuart R. Goldberg, Fed. Bar No. 2123

4846-7467-7472v2
5035840-101448 03/22/2021