**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(NORTHERN DIVISION)

| | |
|---|---|
| **SHIRLEY JOHNSON, *et al*.** | * |
| | * |
| | * |
| *Plaintiffs,* | * **Civil Action No. 1:18-CV-02375-SAG** |
| | * |
| v. | * |
| | * |
| **BALTIMORE POLICE** | * |
| **DEPARTMENT, *et al*.** | * |
| | * |
| *Defendants.* | * |
| | * |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendant, Wayne E. Jenkins ("Defendant"), by and through undersigned counsel and pursuant to Fed.R. Civ. P. 8, hereby submits this Answer to Plaintiffs' Fourth Amended Complaint, and states as follows:[1]

**PURPOSE OF AMENDMENTS**

Plaintiff's Fourth Amended Complaint at "Purpose of Amendments," does not state facts that require a response thereto.

**INTRODUCTION**

1.  Defendant admits that he was employed by the Baltimore Police Department ("BPD") on April 28, 2010, but denies other allegations from Paragraph 1.

2.  Denied.

3.  Defendant admits the existence of a U.S. Department of Justice Civil rights

---

[1]  Defendant's Answer does address allegations dismissed by the Court in the Memorandum Order, dated April 23, 2021, which dismissed Count I as it relates to the "Decedent's Children," Count III as it relates to the "failure to train," Count IV "entirely," Count V as it relates to Defendant Dean Palmere, and Count VI as it relates to "Decedent's Children."

Division Report ("DOJ Report").  Defendant is without sufficient knowledge or information to form a belief as to other allegations stated in Paragraph 3 and so such allegations are denied.

4.   Defendant admits the existence of a U.S. Department of Justice Civil rights Division Report ("DOJ Report").  Defendant is without sufficient knowledge or information to form a belief as to other allegations stated in Paragraph 4 and so such allegations are denied.

5.   Defendant admits the existence of the DOJ Report.  Defendant is without sufficient knowledge or information to form a belief as to other allegations stated in Paragraph 5 and so such allegations are denied.

6.   Defendant admits that he was previously an employee of the BPD.  All other allegations are denied.

7.   Defendant is without sufficient knowledge or information to form a belief as to other allegations stated in Paragraph 7 and so such allegations are denied.

8.   Denied.

9.   Denied.

10. Defendant admits to the existence of this instant lawsuit. Defendant otherwise denies the factual averments from Paragraph 10.

## JURISDICTION AND VENUE

11. States legal conclusions not requiring a response.

12. States legal conclusions not requiring a response.

13. States legal conclusions not requiring a response.

14. States legal conclusions not requiring a response.

## PARTIES

15. Admitted.

4843-1624-0105v1
5035840-101448 05/10/2021

16.  Admitted.

17.  In accordance with this Court's Order dated April 23, 2021, dismissing these defendants as parties to the litigation, Defendant is not required to respond to this allegation.

18.  In accordance with this Court's Order dated April 23, 2021, dismissing these defendants as parties to the litigation, Defendant is not required to respond to this allegation.

19.  In accordance with this Court's Order dated April 23, 2021, dismissing these defendants as parties to the litigation, Defendant is not required to respond to this allegation.

20.  In accordance with this Court's Order dated April 23, 2021, dismissing these defendants as parties to the litigation, Defendant is not required to respond to this allegation.

21. Defendant admits to being formerly employed by the BPD.  All other allegations are denied.

22. Defendant admits that he was employed by the BPD.  All other allegations are denied.

23.  Defendant is without sufficient knowledge or information to form a belief as to allegations stated in Paragraph 23 and so such allegations are denied.

24.  Defendant is without sufficient knowledge or information to form a belief as to allegations stated in Paragraph 24 and so such allegations are denied.

25.  Defendant is without sufficient knowledge or information to form a belief as to allegations stated in Paragraph 25 and so such allegations are denied.

26.  Defendant is without sufficient knowledge or information to form a belief as to allegations stated in Paragraph 26 and so such allegations are denied.

27.  Defendant is without sufficient knowledge or information to form a belief as to allegations stated in Paragraph 27 and so such allegations are denied.

4843-1624-0105v1
5035840-101448 05/10/2021

28. Defendant is without sufficient knowledge or information to form a belief as to allegations stated in Paragraph 28 and so such allegations are denied.

29. Defendant is without sufficient knowledge or information to form a belief as to allegations stated in Paragraph 29 and so such allegations are denied.

30. Defendant is without sufficient knowledge or information to form a belief as to allegations stated in Paragraph 30 and so such allegations are denied.

31. States legal conclusions not requiring a response.

## FACTUAL BACKGROUND

## I.      THE ILLEGAL STOP, PURSUIT, AND FATAL CRASH

32. Defendant is without sufficient knowledge or information to affirm or deny the factual statements made in Paragraph 32 and so such allegations are denied.

33. Denied.

34. Denied.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding their subjective mindset and so such allegations are denied.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding their subjective mindset and so such allegations are denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

4843-1624-0105v1
5035840-101448 05/10/2021

41. Defendant admits that Plaintiffs were the cause of a vehicular accident.  All other allegations are denied.

42. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegation and so such allegations are denied.

43. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegation and so such allegations are denied.

## II.      THE COVER-UP

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. States legal conclusions not requiring a response.

## III.     THE CONVICTIONS OF MR. BURLEY AND MR. MATHEWS

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## IV.   THE INVESTIGATION OF THE GTTF AND CONVICTION OF MR. JENKINS

59. Defendant admits the existence of the DOJ Report. All other allegations are denied.

60. Defendant admits to his arrest on March 1, 2017.  All other allegations are denied.

61. Defendant is without sufficient knowledge, information or belief regarding

Plaintiffs' allegation and Defendant denies such allegations.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## V.   BPD'S WIDESPREAD PATTERN OR PRACTICE OF ILLEGAL STOPS, PURSUITS, AND ARRESTS

68. States legal conclusions not requiring a response.

69. States legal conclusions not requiring a response.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## VI.   PRIOR COMPLAINTS AGAINST BPD PLAINCLOTHES OFFICERS

4843-1624-0105v1
5035840-101448 05/10/2021

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

84. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

85. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

86. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

87. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

88. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

89. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

90. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

91. Defendant is without sufficient knowledge, information or belief regarding

Plaintiffs' allegations and so such allegations are denied.

92. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

93. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

94. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

95. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

96. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

97. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

98. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

99. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

100. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

101. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so such allegations are denied.

103. Denied.

104. Denied.

4843-1624-0105v1
5035840-101448 05/10/2021

105. Denied.

106. Denied.

## VII.   BEYOND KNOWLEDGE OF THE RAMPANT ILLEGAL CONDUCT WITHIN PLAINCLOTHES UNITS, THE BPD HAD ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF THEN-OFFICERS GLADSTONE AND JENKINS' MISCONDUCT

107. Denied.

108. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Gladstone and so such allegations are denied.

109. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Gladstone and so such allegations are denied.

110. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Gladstone and so such allegations are denied.

111. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Gladstone and so such allegations are denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so Defendant denies such allegations.

119. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations and so Defendant denies such allegations.

4843-1624-0105v1
5035840-101448 05/10/2021

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Defendant is without sufficient knowledge, information or belief regarding

Plaintiffs' allegation.

126. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs'

allegations pertaining to co-Defendant Gladstone.  All other allegations are denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

**VIII.    MR. WILLARD, MR. KNOERLEIN AND MR FRIES WERE DELIBERATELY INDIFFERENT TO THE MISCONDUCT OF SUBORDINATES WITHIN PLAINCLOTHES UNITS, INCLUDING MR. JENKINS AND MR. GLADSTONE, WHOM THEY SUPERVISED PRIOR TO AND AT THE TIME OF THE APRIL 28, 2010 COLLISION**

132. Denied.

133. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs'

allegations pertaining to co-Defendants Mr. Willard, Mr. Knoerlein, and Mr. Fries and so denies

such allegations in Paragraph 133.

134. Defendant admits that he was formerly employed by the BPD. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Willard, Mr. Knoerlein, and Mr. Fries. All other allegations are denied.

135. Defendant admits that he was formerly employed by the BPD. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Mr. Fries and Mr. Gladstone. All other allegations are denied.

136. Defendant admits that he was formerly employed by the BPD. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Mr. Fries.  All other allegations are denied.

137. Defendant admits that he was formerly employed by the BPD. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Mr. Fries.  All other allegations are denied.

138. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Mr. Fries and so Defendant denies such allegations.

139. Defendant admits that he was formerly employed by the BPD. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Mr. Fries.  All other allegations are denied.

140. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Fries and Mr. Gladstone.  All other allegations are denied.

141. Defendant admits that he was formerly employed by the BPD. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Fries and Mr. Gladstone.  All other allegations are denied.

142. Defendant admits that he was formerly employed by the BPD. All other allegations are denied.

143. Denied.

144. Defendant admits that he was formerly employed by the BPD. All other allegations are denied.

145. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Knoerlein and Mr. Gladstone.  All other allegations are denied.

146. Denied.

147. Defendant admits that he was formerly employed by the BPD. All other allegations are denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Defendant admits that he was formerly employed by the BPD.  All other allegations are denied.

153. Defendant admits that he was formerly employed by the BPD. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Willard, Mr. Knoerlein, and Mr. Fries.  All other allegations are denied.

154. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Willard, Mr. Knoerlein, and Mr. Fries.  All other allegations are denied.

155. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Willard, Mr. Knoerlein, and Mr. Fries.  All other allegations are denied.  Otherwise, Plaintiffs' state legal conclusions not requiring a response.

156. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Willard, Mr. Knoerlein, and Mr. Fries.  All other allegations are denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

### IX.   MR. PALMERE'S KNOWLEDGE AND TACIT AUTHORIZATION OF MISCONDUCT BY PLAINCLOTHES OFFICERS

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Mr. Palmere.  All other allegations are denied.

175. Denied.

176. Defendant is without sufficient or information to form a belief as to the truth of Plaintiff's averments regarding testimony in the criminal prosecutions of nonparties to this litigation.   All other allegations are denied.

177. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Palmere, Mr. Guinn and Mr. Gladstone.  All other allegations are denied.

178. Denied.

179. Defendant is without sufficient or information to form a belief as to the truth of Plaintiff's averments regarding testimony in the criminal prosecutions of nonparties to this litigation.   All other allegations are denied.

180. Defendant is without sufficient or information to form a belief as to the truth of Plaintiff's averments regarding testimony in the criminal prosecutions of nonparties to this litigation.   All other allegations are denied.

181. Defendant admits that he was previously an employee of the BPD. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Mr. Palmere. All other allegations are denied.

182. Denied.

183. Denied.

184. Denied.

14

**X.    BPD ALLOWED MR. JENKINS, MR. GUINN AND MR. GLADSTONE TO CONTINUE THE SAME PATTERN OF ILLEGAL CONDUCT AS PREVIOUSLY EMPLOYED BY PLAINCLOTHES OFFICERS**

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Defendant admits that the described legal proceedings took place, at or around, the date described.  Defendant denies all other allegations.

190. Defendant admits that the described legal proceedings took place, at or around, the date described.  Defendant denies all other allegations.

191.  Defendant admits that the described legal proceedings took place, at or around, the date described and the existence of a plea agreement.  All other allegations are denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

## XI.   BPD ENTERED INTO A CONSENT DECREE WHERE IT ADMITTED TO A PATTERN OR PRACTICE OF CONDUCT IDENTICAL TO THAT AT ISSUE HERE AND BASED IN PART ON ACTIVITIES THAT OCCURRED IN 2010.

208. Denied.

209. Denied.

210. Denied.

211. Defendant admits the existence of the filing of *United States of America, v. Police Department of Baltimore City*.  Defendant otherwise denies all allegations.

212. Defendant admits the existence of the filing of *United States of America, v. Police Department of Baltimore City*.  Defendant otherwise denies all allegations.

213. Defendant admits the existence of the filing of *United States of America, v. Police Department of Baltimore City*.  Defendant otherwise denies all allegations.

## XII.   THE POLICIES AND "CUSTOMS AND USAGE" OF THE BPD

214. Denied.

215. Denied.

216. Denied.

217. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Mr. Palmere.  All other allegations are denied.

218. Denied.

16

219. Denied.

220. Defendant admits that he was previously employed by the BPD.  Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant Mr. Palmere.  All other allegations are denied.

221. Defendant admits that he was previously employed by the BPD.  Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendants Mr. Gladstone and Mr. Knoerlein.  All other allegations are denied.

222. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant BPD's newsletter.  All other allegations are denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

228. Defendant admits the existence of the DOJ Report.  All other allegations are denied.

229. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant BPD.  All other allegations are denied.

230. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to nonparties.  All other allegations are denied.

231. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to nonparties.  All other allegations are denied.

232. Defendant is without sufficient knowledge, information or belief regarding Plaintiffs' allegations pertaining to co-Defendant BPD.  All other allegations are denied.

233. Denied.

234.  Denied.

235. Denied.

236. Denied.

237.  Defendant admits the existence of the DOJ Report.  All other allegations are denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. Denied.

246. Denied.

247. Denied.

248. Denied.

249. Defendant is without sufficient knowledge, information or belief regarding

Plaintiffs' allegations.  All other allegations are denied.

250. Denied.

251. Denied.

252. Denied.

253. Denied.

254. Denied.

4843-1624-0105v1
5035840-101448 05/10/2021

255. Denied.

256. Denied.

### XIII.   THE DECEDENT WAS KILLED AND MS. CAIN WAS INJURED BECAUSE OF THE BPD'S ILLEGAL PRACTICES

257. Denied.

258. Denied.

259. Denied.

### DAMAGES

260. Sets forth legal conclusions to which no response is required.

261. Sets forth legal conclusions to which no response is required

262. Sets forth legal conclusions to which no response is required

263. Sets forth legal conclusions to which no response is required

### CAUSES OF ACTION

### COUNT I - 42 U.S.C. § 1983[2]
### VIOLATION OF DUE PROCESS
### (AGAINST OFFICER DEFENDANTS AND DEFENDANT WILLARD)

264. Defendant incorporates and restates by reference the answers to each

and every allegation contained in the preceding paragraphs of Plaintiffs' Fourth Amended

Complaint, as if fully stated herein.

265. Denied.

266. Denied.

267. Denied.

268. Denied.

---

[2] Defendant Answers Count I in accordance with the Order from the Honorable Stephanie A. Gallagher, dated April 23, 2021, which granted Defendants' Motion to Dismiss Count I as it relates to the "Decedent's Children[.]"

269. Denied.

270. Denied.

271. Defendant neither admits nor denies Plaintiffs' averment to the extent they state a legal conclusion not requiring response.  All other allegations are denied.

### COUNT II - 42 U.S.C. § 1983[3]
### SUPERVISORY LIABILITY
### (AGAINST DEFENDANT PALMERE, KNOERLEIN, FRIES, AND WILLARD)

272. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiffs' Fourth Amended Complaint, as if fully stated herein.

273. Denied.

274. Denied.

275. Denied.

276. Denied.

277. Denied.

278. Defendant neither admits nor denies Plaintiffs' averment to the extent they state a legal conclusion not requiring response.  All other allegations are denied.

### COUNT III - 42 U.S.C. § 1983[4]
### MONELL LIABILITY
### (AGAINST THE BALTIMORE POLICE DEPARTMENT)

279. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiffs' Fourth Amended

---

[3] Defendant Answers Count II in accordance with the Order from the Honorable Stephanie A. Gallagher, dated April 23, 2021, which granted Defendants' Motion to Dismiss Count II as it relates to the "Decedent's Children[.]"
[4] Defendant Answers Count III in accordance with the Order from the Honorable Stephanie A. Gallagher, dated April 23, 2021, which granted Defendants' Motion to Dismiss Count III as it relates to the "failure to train[.]"

4843-1624-0105v1
5035840-101448 05/10/2021

Complaint, as if fully stated herein.

281. Denied.

282. Denied.

283. Denied.

284. Denied.

285. Denied.

286. Denied.

287. Denied.

288. Defendant neither admits nor denies Plaintiffs' averment to the extent that it states a legal proposition. All other allegations are denied.

289. Defendant neither admits nor denies Plaintiffs' averment to the extent that it states a legal proposition. All other allegations are denied.

### COUNT IV[5]
### WRONGFUL DEATH
### (AGAINST OFFICER DEFENDANTS AND DEFENDANTS PALMERE, KNOERLEIN, FRIES, AND WILLARD)

290. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiffs' Fourth Amended Complaint, as if fully stated herein.  Defendant, offers no response on behalf of other identified defendants.

291. Denied.

292. Denied.

293. Denied.

---

[5] Defendant Answers Count IV in accordance with the Order from the Honorable Stephanie A. Gallagher, dated April 23, 2021, which granted Defendants' Motion to Dismiss Count IV "entirely[.]"

4843-1624-0105v1
5035840-101448 05/10/2021

294. Denied.

295. Denied.

296. Defendant neither admits nor denies Plaintiffs' averment to the extent that it states a legal proposition. All other allegations are denied.

297. Defendant neither admits nor denies Plaintiffs' averment to the extent that it states a legal proposition. All other allegations are denied.

## COUNT V[6]
## SURVIVAL ACTION
## (AGAINST OFFICER DEFENDANTS AND DEFENDANTS PALMERE, KNOERLEIN, FRIES AND WILLARD)

298. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiffs' Fourth Amended Complaint, as if fully stated herein.

299. Denied.

300. Denied.

301. Defendant neither admits nor denies Plaintiffs' averment to the extent that it states a legal proposition. All other allegations are denied.

302.  Defendant neither admits nor denies Plaintiffs' averment to the extent that it states a legal proposition. All other allegations are denied.

## COUNT VI - 42
## ARTICLE 24 OF THE MARYLAND CONSTITUTION
## DECLARATION OF RIGHTS
## (AGAINST OFFICER DEFENDANTS AND DEFENDANTS PALMERE, KNOERLEIN, FRIES AND WILLARD)

303. Defendant incorporates and restates by reference the answers to

---

[6] Defendant Answers Count V in accordance with the Order from the Honorable Stephanie A. Gallagher, dated April 23, 2021, which granted Defendants' Motion to Dismiss Count V as it relates to "Defendant Dean Palmere's liability for Count V[.]"

each and every allegation contained in the preceding paragraphs of Plaintiffs' Fourth Amended

Complaint, as if fully stated herein.

304. Denied.

305. Denied.

306. Defendant neither admits nor denies Plaintiffs' averment to the extent that it states

a legal proposition. All other allegations are denied.

## COUNT VII –
## INDEMNIFICATION
## (AGAINST BALTIMORE POLICE DEPARTMENT)

307. Defendant incorporates and restates by reference the answers to each

and every allegation contained in the preceding paragraphs of Plaintiffs' Fourth Amended

Complaint, as if fully stated herein.

308. Defendant neither admits nor denies Plaintiff's allegations regarding the statutory

obligations of separately named co-Defendant, BPD. All other allegations are denied.

309. Defendant admits that he was formerly employed by the BPD. All other allegations

are denied.

310. Denied.

311. Denied.

312. Defendant neither admits nor denies Plaintiff's allegations regarding the statutory

obligations of separately named co-Defendant, BPD. All other allegations are denied.

## REQUEST FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

In support of the following affirmative defenses, Defendant incorporates the answers and

responses, to each of the above-referenced allegations, as if fully stated herein.

### First Affirmative Defense

As a first, separate affirmative defense, Defendant states that Plaintiffs have failed to state a claim under which relief may be granted.

### Second Affirmative Defense

As a second, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by statutory or common-law immunity.

### Third Affirmative Defense

As a third, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by qualified immunity.

### Fourth Affirmative Defense

As a fourth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by privilege.

### Fifth Affirmative Defense

As a fifth, separate affirmative defense, Defendant states that Plaintiffs are not entitled to punitive damages, absent actual malice.

### Sixth Affirmative Defense

As a sixth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by contributory negligence.

### Seventh Affirmative Defense

As a seventh, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by assumption of risk.

### Eighth Affirmative Defense

As an eighth, separate affirmative defense, Defendant states that all actions were taken with probable cause, reasonable articulable suspicion, order of court, and/or warrant, as appropriate.

### Ninth Affirmative Defense

As a ninth, separate affirmative defense, Defendant states that any liability to Plaintiffs would be subject to a statutory damages cap, if applicable.

### Tenth Affirmative Defense

As a tenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred for failure to comply with the notice provision of the Local Government Tort Claims Act.

### Eleventh Affirmative Defense

As an eleventh, separate affirmative defense, Defendant states that all actions taken under the circumstances were legally authorized and justified.

### Twelfth Affirmative Defense

As a twelfth, separate affirmative defense, Defendant states that Plaintiffs' claims may be barred in whole, or part, by the doctrine of defense of self, another or property.

### Thirteenth Affirmative Defense

As a thirteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by judicial estoppel.

### Fourteenth Affirmative Defense

As a fourteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by estoppel.

### Fifteenth Affirmative Defense

4843-1624-0105v1
5035840-101448 05/10/2021

As a fifteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by the collateral estoppel.

Sixteenth Affirmative Defense

As a sixteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction.

Seventeenth Affirmative Defense

As a seventeenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

Eighteenth Affirmative Defense

As a eighteenth, separate, affirmative defense, Defendant states that Plaintiffs' claim is barred by fraud.

Nineteenth Affirmative Defense

As a nineteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by qualified immunity.

Twentieth Affirmative Defense

As a twentieth, separate, affirmative defense, Defendant states that all actions, taken under the circumstances, were legally authorized and justified.

Twenty-First Affirmative Defense

As a twenty-first, separate, affirmative defense, Defendant states that Plaintiffs' claim is barred by laches.

Twenty-Second Affirmative Defense

As a twenty-second, separate, affirmative defense, Defendant states that Plaintiffs' claim is barred by payment.

4843-1624-0105v1
5035840-101448 05/10/2021

<u>Twenty-Third Affirmative Defense</u>

As a twenty-third, separate, affirmative defense, Defendant states that Plaintiffs' claim is barred by release.

<u>Twenty-Fourth Affirmative Defense</u>

As an twenty-fourth, separate, affirmative defense, Defendant states that Plaintiffs' claim is barred by *res judicata*.

<u>Twenty-Fifth Affirmative Defense</u>

As a twenty-fifth, separate, affirmative defense, Defendant states that Plaintiffs' claim is barred by waiver.

<u>Twenty-Sixth Affirmative Defense</u>

As a twenty-sixth, separate, affirmative defense, Defendant states that because no discovery has taken place at this stage, Defendant reserves the right to assert other affirmative defenses as appropriate.

**WHEREFORE**, having answered, Defendant prays that Plaintiffs' Fourth Amended Complaint be dismissed in its entirety, with costs and an award of reasonable attorneys' fees to Defendant.

4843-1624-0105v1
5035840-101448 05/10/2021

Respectfully submitted,


*/s/ Thomas H. Barnard*
Thomas H. Barnard, Fed. Bar No. 27488
tbarnard@bakerdonelson.com
Stuart R. Goldberg, Fed. Bar No. 21236
sgoldberg@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street
Baltimore, MD 21202
Phone:  410-862-1185
Fax:  410-547-0699
*Attorneys for Defendant Wayne E. Jenkins*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 10th day of May, 2021, a copy of the foregoing *Defendant's Answer to Plaintiffs' Fourth Amended Complaint* was filed with the United States District Court for the District of Maryland, and served on all counsel of record, electronically, via the Court's CM/ECF e-filing system.

  /s/ Stuart R. Goldberg
Stuart R. Goldberg, Fed. Bar No. 2123

4843-1624-0105v1
5035840-101448 05/10/2021